MATHEWS, Justice.
This is an appeal from an order of the Circuit Judge affirming the Florida Industrial Commission, which had affirmed tire order of a Deputy. Commissioner.
The Deputy Commissioner heard the evidence and thereafter made an order, which contained the following:
“From all of the above and foregoing, it does not appear to the undersigned deputy commissioner that said employee had an accident which resulted in an injury arising out of and in the course of his employment. Therefore,
“The claim of the above named employee is hereby denied.”
In affirming the Deputy Commissioner the full Commission entered an order, which among other things, contained the following:
“A review of the record reflects substantial testimony in support of the findings of fact and conclusions of law heretofore made by the Deputy Commissioner in his Order, and the Commission herein and hereby adopts such findings of fact and conclusions of law as its own. Wherefore, it is the
“Order of the Florida Industrial Commission that the Order of the Deputy Commissioner dated March 19, 1952, be and the same hereby is affirmed.”
It is strongly urged by the appellant that the case of Gray v. Employers Mutual Liability Ins. Co., Fla., 64 So.2d 650, 652, is controlling in this case and that the case at bar should be reversed and remanded because of the holding in Gray v. Employers Mutual Liability Ins. Co., supra, which is also known as the “Bonnie Gray Case.” In that case her claim was denied on the ground that there was no accident preceding the injury. This Court in its opinior stated:
“It is the unexpected and unintentional effect of the strain or exertion that is covered by the Workmen’s Compensation Law [F.S.A. § 440.01 et seq.], as an injury ‘by accident,’ and a literal showing of an ‘accident’ such as a slip, fall or misstep is not a prerequisite to recovery.”
In the “Bonnie Gray Case” there was no question that there was an injury which occurred while she was on the job. The primary question decided in that case was that the injury was covered by the word “accident” in the Workmen’s Compensation Law. We have no such question presented in the present case.
In the present case the appellant’s claim was denied on conflicting evidence as to the question of whether or not the claimant sustained an injury on the job, regardless of whether or not the cause of the injury would be called an accident or a mere incident.
In this case the employee, Smith, claimed that he was standing on the back of a truck and hurt his back, while he was attempting to place a 30-pound water keg behind the cab of the truck. He claimed that he immediately advised his foreman of this fact. The foreman denied any knowledge of such incident and testified that the employee got into the cab of the truck immediately after placing a water keg on the same and rode beside him for a distance of between 8 and 10 miles to a job without saying anything about the injury, or the incident, until they got out of the truck to go to work. The foreman testified that the employee then told him that he had hurt his back but did not tell him how, when or where he had hurt it. This was the first time the claimant had mentioned the injury to the foreman.
The decisive point in this case is not whether or not there was an accident *325 within the meaning of the work as construed in the “Bonnie Gray Case,” hut rather that even if there was an accident, there was no showing of where or how it happened, or of an injury arising out of and in the course of employment. There was a direct conflict in the evidence between the foreman’s testimony and the claimant’s testimony on these material questions of fact. From the record it is evident that the Deputy Commissioner believed the testimony of the foreman.
The findings of fact by the Deputy Commissioner should be upheld where there is competent substantial evidence to support the same. U. S. Casualty Co. v. Maryland Casualty Co., Fla., 55 So.2d 741.
Affirmed.
ROBERTS, C. J., and TERRELL and SEBRING, JJ., concur.