DREW, Justice.
This is a workmen’s compensation case. An elevator operator claims to have sustained an injury in November, 19S0 when the elevator she was operating fell into the “pit” and landed on its buffer springs.
On September 28, 1951, after extensive testimony and personal inspection of the premises, the Deputy Commissioner entered an order dismissing the claim. This order of the Deputy Commissioner was affirmed by.the Full Commission but was reversed by the Circuit Court on appeal. Pursuant to the mandate of the Circuit Court the Deputy Commissioner entered a further order on December 14, 1952.
This second order found that when the elevator “reached the ground floor level it momentarily stopped, and, before the operator, Mrs. Oechsner, could open the door, the elevator slid 15 inches below the ground level and came to rest on the buffer springs, without bouncing and without noticeable injury to anyone. Mrs. Oechsner did not lose her balance or fall against or hit any part of the elevator. ‘In a few seconds’ Mrs. Oechsner, the operator, had the elevator back to the ground level and the passenger departed therefrom.” The Deputy Commissioner further found, from the evidence before him as to the alleged personal injuries, that claimant’s “dizzy spells, pain in her head, and the alleged difference in her eye sight since the incident of November, 1950, and sleeplessness, were not caused by the happening referred to.”
On a second review the Full Commission again affirmed the Deputy Commissioner but on a second appeal the Circuit Court entered an order again reversing the order of the Deputy Commissioner and remanding the cause. The propriety of this order of the Circuit Court is before us on review. Material parts of the order are as follows r
“On the first appeal (by order filed April 21, 1952) this Court reversed the order of the Commission, which, in effect, had denied relief to the petitioner on the finding of a Deputy Commissioner that the elevator which she was operating had not been involved in any accident, etc. This Court, in its first order and opinion, concluded that such finding was ‘clearly erroneous and contrary to the preponderance of the evidence’.
“Instead of restating in this order the matters which were stated in the prior order to show the decision of this Court as to the factual situation and the directions *224 which were given for further proceedings, attention is called and reference is made to the said order of this Court on the prior appeal. Consideration of whether the injuries or disabilities are compensable through connection and causation by this elevator accident or incident is one of the matters to be determined below. That decision may be made in favor of petitioner or it may be made against her, but the decision should be made with reference to the matter as found and decided in this Court’s opinion and order dated April 21, 1952, and not on the original rejected findings of fact of the Deputy Commissioner; and it appears that the last order of the Commission was based on the initial findings which this Court has rejected or on substantially the same findings contrary to what this Court had ruled and notwithstanding this Court’s ruling on the matter. Careful reading of the Deputy Commissioner’s first order, then of this Court’s opinion reversing and then of the Deputy Commissioner’s second order shows that his determination on the question of causation as to the injuries may not have been based on the factual basis determined by this Court of paramount jurisdiction, but on the factual basis as determined by himself, which was different therefrom.” (Emphasis supplied.)
The Deputy Commissioner who personally heard all of the evidence, observed the witnesses and personally viewed the premises where the accident is alleged to have occurred, has twice .found not only that there was no accident but that if an accident did occur the injuries alleged to have been suffered by claimant did not occur or result therefrom; the Full Commission has twice reviewed the record and has twice affirmed these findings of fact of the Deputy Commissioner.
It is not disputed that the injuries alleged to have been suffered by claimant were not visible injuries such as a cut or bruise or break or wound, but were injuries of a nature difficult to determine and diagnose and were primarily of the nervous system. It is also undisputed that at the time these alleged injuries were supposed to have occurred the claimant was and had for some time been in the throes of the menopause period. The circumstances of both the alleged injury and accident were such that the observation of witnesses on the stand, and particularly the claimant, were almost indispensable in the proper evaluation of the evidence. This is particularly true when the female passenger in the elevator at the time the alleged accident took place was uninjured and, in fact, unaware that an accident had ever occurred at all.
After some years of doubt and confusion about the weight to be given the findings of a Deputy Commissioner in compensation cases, this Court in U. S. Casualty Co. v. Maryland Casualty Co., Fla. 1951, 55 So.2d 741, definitely and finally settled the question when we held that: “the deputy commissioner is charged with the duty of not only holding a hearing and making findings of facts, but it is also his obligation to enter the compensation order. Consequently, his position under the law is somewhat analogous to that of a Chancellor, and the full Commission occupies a position which in many ways is similar to that of an appellate court. After the deputy commissioner has held a hearing, made his findings of facts and entered the compensation order and a review is requested, the full Commission should adhere to the findings of fact so made by the deputy commissioner unless there is no competent substantial evidence to sustain them. This is so because of the aforementioned fact that under the law the deputy commissioner is the only person charged with the burden and responsibility of hearing the witnesses and making findings of facts.” (Emphasis supplied.)
 In our examination of the record we find “competent substantial evidence” to Sustain the findings of the Deputy Commissioner and the Full Commission. Moreover, our study of the order of the Circuit Court here being reviewed convinces us that the eminent Judge below applied the wrong principle of law when he held that such finding was “clearly erroneous and *225 contrary to the preponderance ■ of1 the evidence.” The “preponderance of the'evidence” rule does not apply in circumstances of this kind. The test is whether there is substantial competent evidence to support the findings made by the Deputy Commissioner. If the record reveals evidence of that character neither the Full Commission, the Circuit Court, nor this Court is authorized to overthrow that finding thereby merely substituting its view of the evidence for that of the officer charged under the law with the fact-finding duty.
For the reasons above stated, the order of the Circuit Court is hereby reversed.
ROBERTS, C. J., THOMAS, J., and PATTERSON, Associate Justice, concur: