285 So.2d 404 (1973)
SOUTHERN CONVALESCENT HOME and R.P. Hewitt & Associates, Servicing Agent, Petitioners,
v.
John WILSON and Florida Department of Commerce, Industrial Relations Commission, Respondents.
No. 43569.
Supreme Court of Florida.
November 7, 1973.
*405 Robert H. Gregory, Coral Gables, for petitioners.
L. Barry Keyfetz, of Ser & Keyfetz, Miami, for respondents.
ROBERTS, Justice.
By petition for writ of certiorari, we have for review an order of the Industrial Relations Commission reversing and remanding this cause to the Judge of Industrial Claims.
While repsondent-claimant was preparing to aid in lifting trays of food from the floor to another person on the stairs who in turn would then hand the trays of food to a Rosa Jones on the second floor, he fell to a level synthetic tile floor in an epileptic type seizure which lasted at least five minutes. During this time, his feet were in a stairwell alcove and his body was in the hall; he was unconscious, clamping with his mouth closed, eyes rolling to the top of his head, and spasms of his upper and lower extremities. Petitioner denied that respondent had sustained an injury arising out of and in the course of his employment. An order was entered on August 17, 1970, by the Judge of Industrial Claims denying respondent's claim for temporary total disability benefits, medical expenses, permanent partial disability benefits, penalties, interest, and attorney's fees. Application for review was made and the Industrial Relations Commission by order dated April 26, 1971, reversed and remanded the cause to the trial judge with authority to hold further hearings, if deemed necessary, to make specific findings of fact as to the nature of the floor and as to whether the injuries complained of were the result of the condition of the floor upon which claimant fell, and to enter a new order. Petitioners petitioned this Court for writ of certiorari to review the Commission's order. This petition was denied by this Court by order dated September 1, 1971.
On remand, further hearing was held before the judge, at which hearing Dr. Elwin Neal, Mr. Sheldon Roe, an engineer, and Dr. Bernard Chariff testified. Based on the additional testimony and evidence produced at the previous hearing, the Judge of Industrial Claims entered a second order denying respondent's claim and therein, made a precise determination as to what constituted the efficient cause of claimant's injury. In this order the judge stated in pertinent part, as follows:
"5. I hereby accept the opinion of Shirley Schachter, Administrator of Southern Convalescent Home and a registered nurse, that John Wilson was undergoing an epileptic seizure, and that in the course of her employment as a registered nurse she had seen numerous epileptic attacks prior to this, and when she saw what was happening she got a mouth gag and went to the claimant's aid to help him recover from the seizure.
* * * * * *
"7. I accept the opinion of Dr. Bernard Chariff that the claimant would have suffered injuries to the same extent had the floor to which he had fallen been "softer" that [sic] it was at the time of the fall. It was the opinion of Dr. Chariff that the "softness" or "hardness" of the floor did not affect the extent of the claimant's injuries.
"8. That the efficient cause of the claimant's injuries was due to the epileptic seizure and the employment conditions of the flooring did not contribute any hazard that led to the claimant's injuries. There was not any hazard of employment that contributed in any degree to the claimant's injuries and it was solely the force of the non-occupational epileptic seizure that caused the injury of which the claimant complained. The cause of the harm to the claimant was personal and due to the epileptic seizure.
"9. The injury sustained by the claimant arose out of a risk or condition personal to him and did not arise out of his employment as his employment and the old synthetic tile flooring did not contribute *406 to the risk of his employment or place the claimant in a position increasing the effects of such a seizure.
"10. It is further found that John Wilson's obligation of employment did not put him in a position where the consequences of an epileptic seizure would be more dangerous than if he had not been so employed. The claimant was not placed in a position which increased the effects of the fall like a height or near machinery or in a moving vehicle, but was merely standing on an old synthetic tile floor when the unfortunate seizure commenced. The origin of the fall was personal to the claimant; that is, the seizure was the cause of the fall and the injuries sustained were brought about while the claimant was in the seizure.
"11. I hereby find that the cause of the claimant's injuries was the convulsive seizure and not the fall to the old synthetic tile floor."
The Industrial Relations Commission in a two to one decision reversed this order and remanded to the judge for entry of a new order. In reversing, the Commission concluded that there was not competent substantial evidence to support the findings of the judge that the floor did not constitute a "hazard of employment" which contributed to the claimant's injury, and that respondent's injuries were solely due to the force of the epileptic seizure. This conclusion of the Commission is incorrect.
We agree with Commissioner Coleman who dissented from the Commission's order and properly concluded that this case presents an ordinary case of competent substantial evidence and that the questioned order of the Judge of Industrial Claims did contain findings which were fully supported by competent substantial evidence. Clearly supported by the record of evidence before this Court, Commissioner Coleman evaluating each finding and finding supportive evidence therefor, stated, inter alia, as follows:
"The first part of Paragraph 8 is that the condition of the flooring did not contribute any hazard that led to the claimant's injuries. Dr. Chariff's testimony confirms this  the Judge relied upon it. Furthermore, the engineer's testimony, Mr. Roe, was that the floor was softer than a concrete floor. This, I think we can accept in view of the fact that the evidence shows it was old vinyl tile on top of a wood floor, which certainly has more resiliency than concrete. The Judge then found that there was not any hazard of employment that contributed in any degree to the claimant's injuries and it was solely the force of the non-occupational seizure that caused the injury of which the claimant complained. The cause of the harm to the claimant was personal and due to the epileptic seizure. The evidence shows that Dr. Neal testified: `It would seem that his convulsions were the cause of his fall and the fall resulted in a neck and back sprain, due to the convulsive seizure. In other words, the convulsive seizures were the cause of the neck and back sprain.'
"Paragraph 9 of the Order is not only in point with the holding of the Supreme Court in the case of J.W. Foxworth v. Florida Industrial Commission, 86 So.2d 147 (Fla. 1955), but also in the cases decided by the Industrial Relations Commission of Nelson v. Circus Supply & Hardware Co., Inc., 1 FCR 363; Sentman v. Burdine's Department Store, 3 FCR 371 (October, 1958), and Protectu Awning Shutter Co. v. Cline [154 Fla. 30], 16 So.2d 342 343 (1944).
"The Foxworth case, supra, cites many other cases to show that it is well settled that injuries which arise out of risk or conditions personal to the claimant do not arise out of the employment, unless the employment contributes to the risk or aggravates the injury.
"With respect to Paragraph 10, there is nothing in the evidence, as it appears in the record, to dispute any of the pertinent *407 parts thereof; i.e., walking around in the hall of the nursing home is certainly no more dangerous than it would be in one's own home. Appellant was not near machinery, he was not on a ladder or stairway, nor a moving vehicle; was merely standing on an old synthetic tile floor over wood when the seizure commenced. The evidence backs up this finding and all of the pertinent portions thereof. Furthermore, the evidence backs up finding No. 11 that the injuries were caused by the convulsive seizure and not the fall to the old synthetic tile floor."
In reversing the judge, the Commission relied upon this Court's decision in Protectu Awning Shutter Co. v. Cline, 154 Fla. 30, 16 So.2d 342 (1942). Cline is distinguishable, however, from the instant cause. Therein, claimant, an elderly cabinet maker, suffered from a heart ailment which caused fainting spells. While experiencing a fainting spell at work, he fell striking his head against the concrete floor causing a skull fracture. He died as a result of the skull fracture not from the heart attack. Allowing benefits under the peculiar facts, this Court indicated in Cline that it was a borderline case. Death resulted from a skull fracture resultant from a fall on concrete which was completely unrelated to the cause of his fall  a heart attack. Subsequently, this Court in Foxworth v. Florida Industrial Commission, 86 So.2d 147, 151 (Fla. 1956), explained the Cline case, as follows:
"In the Cline case we upheld recovery for effects of a fall caused by the heart attack of the claimant who as a result fractured his skull on the concrete floor. This decision is justified on the basis that the hardness of the floor was an increased hazard attributable to the employment, but that case represents the outer limits of the doctrine. To extend the rule further would be to eradicate completely the statutory requirement that the injury must be one arising out of the employment. The employment in some manner must contribute an increased hazard peculiar to the employment."
In Foxworth, supra at 151, citing a great deal of authority, this Court declared that it is well settled that injuries arising out of risks or conditions personal to the claimant do not arise out of the employment unless the employment contributes to the risk or aggravates the injury. There is a basis for recovery for injuries resulting from a fall caused by personal physical conditions where the injuries from the fall can be attributed to some increased hazard attendant to the job, such as where the fall is onto dangerous objects. Several examples of what would constitute such a dangerous item were set out in Foxworth, to-wit: sawhorse, iron motor box, hot stove, spot welding machine, sharp corner of a wooden table, and a fire built by a night watchman. Therein, this Court further opined,
"But where the idiopathic fall occurring on the job is merely onto a level floor, compensation for effects of the fall is extremely difficult to justify and the relevant decisions are in decided conflict."
Our latest pronouncement in this area of workmen's compensation law is contained in our recent decision of Federal Electric Corp. v. Best, 274 So.2d 886 (Fla. 1973), wherein we quashed the order of the Commission reversing the Judge of Industrial Claims and ordered reinstatement of the judge's order. In Best, supra, the judge entered an order finding,
"... the claimant was standing perfectly still at the time of the onset of this fall, did not slip or trip and fall, was not engaged in anything that created stress or physical exertion, and was not subjected to any unusual conditions. Therefore, I find that decedent employee fell and resulting injuries from which he died were the result of the convulsive or grand mal-type seizure that he suffered immediately prior to the fall, and had absolutely no relation to his work."
As a result of the fall, Best fractured his skull. Finding the order of the judge was supported by the evidence and in accordance with the essential requirements of the law, we held,

*408 "The IRC ... said it was reversing and remanding the cause because the Judge did not resolve conflicting testimony given by the two men who were with Best at the time of his fall and did not determine whether a desk in the room could `have been a hazard of the employment.' The `conflicting testimony' concerns the exact direction and manner in which the decedent fell and whether or not his head hit a desk before he hit the floor. It is not at all pertinent to a determination of whether the cause of the fall was work-related, which is the ultimate issue in this case. Furthermore, the record contains nothing to indicate that the desk which Best may have hit was any more a `hazard of employment' than any ordinary piece of furniture would be.
"It is Respondent's position that the claimant should be compensated because her husband died following a fall at work. Respondent takes the position that the cause of the fall is unexplainable and is therefore unimportant to a determination of the issue of compensability.
"Even though the Judge of Industrial Claims may have been medically mistaken in concluding what was the cause that precipitated deceased's fall, it is quite clear from the record his fall was not work-related. The evidence is clear that deceased suffered no compensable accident arising out of his employment and that no `hazard of employment' contributed to his injury. The evidence is ample to sustain the ultimate finding of the JIC in these particulars, even though it is not clear what sudden internal physical breakdown produced the deceased's fall."
Sub judice the judge rightly found that there was not any hazard of employment that contributed in any degree to the claimant's injuries and it was solely the force of the non-occupational seizure that caused the injury of which the complainant complained. The cause of harm to the claimant was personal and due to the epileptic seizure. This Court has opined that the trial judge is the fact finder and if his findings are supported by competent substantial evidence, the appellate tribunal will not weigh the evidence and substitute its findings for those of the trial judge. United States Casualty Co. v. Maryland Casualty Co., 55 So.2d 741 (Fla. 1951), Meadows v. Curly's Trash Service, Inc., 244 So.2d 417 (Fla. 1971). Review of the evidence adduced before the Judge of Industrial Claims convinces us that his findings and order are supported by competent substantial evidence.
Accordingly, certiorari is granted and the order of the Commission is quashed with instructions to reinstate the order of the Judge of Industrial Claims.
It is so ordered.
CARLTON, C.J., McCAIN and DEKLE, JJ., concur.
ADKINS, J., dissents.