289 So.2d 393 (1974)
HONEYWELL, INC., and New York Underwriters Insurance Co., Petitioners,
v.
Beulah SCULLY and Industrial Relations Commission of the Florida Department of Commerce, Respondents.
No. 43631.
Supreme Court of Florida.
January 23, 1974.
*394 Leslie D. Franklin, and Ulmer & Woodworth, St. Petersburg, for petitioners.
Charles W. Ehrlich of the Law Offices of John A. Lloyd, Jr., P.A., St. Petersburg, for respondents and cross-petitioner.
DEKLE, Justice.
This cause comes before us on petition and cross-petition for writ of certiorari to the Industrial Relations Commission. Claimant sustained injuries to various portions of her body in a fall occurring at her place of employment, and filed a compensation claim for the effects of such fall. It is her position that the fall resulted from her tripping over an electrical cord while in the course of her employment duties, while the employer takes the position that she suffered a fainting spell rather than tripping. Whatever the cause of the fall, claimant sustained these injuries when she fell to a level floor surface consisting of concrete covered with tile.
After taking extensive testimony and reviewing the depositions and reports in the record, the Judge of Industrial Claims made a factual finding that claimant had not tripped over the electrical cord, but had collapsed from a cause purely personal to herself. He expressly found that the injuries did not occur from any work related condition and that the injury was not aggravated in any manner by any hazard of employment. Accordingly, the claim was denied totally. The Industrial Relations Commission affirmed the order of the Judge of Industrial Claims to the extent that it found that claimant had fainted rather than tripped, but reversed for a lack of factual findings as to whether the injury sustained arose out of the claimant's employment and was compensable.
The employer's petition for certiorari raises the issue of whether the Full Commission erred in partially reversing the Judge of Industrial Claims' order for a determination of fact as to whether the injury was aggravated in any manner by any hazard of employment. From a review of the Industrial Relations Commission's order, it appears that the Commission was concerned with the question of whether the floor to which claimant fell might have been so hard as to constitute a hazard of employment which aggravated the injury *395 she sustained in an idiopathic fall. Although it is true that an exceedingly hard floor may constitute a hazard of employment where it aggravates injuries otherwise suffered,[1] it appears that the Judge of Industrial Claims had already considered and disposed of this issue. In reversing for a finding of fact in this respect, the Industrial Relations Commission apparently overlooked the portion of the Judge of Industrial Claims' order at p. 8 where it states:
"I further find that the employee's employment did not contribute to the risk of injury experienced by her by being at work or that her employment aggravated her injury in any way. I further find that the employee was not exposed to an increased hazard attributable to her employment or was the employee exposed to a hazard peculiar to the employment and beyond which is ordinarily experienced by the public as a whole."
Thus, it appears that the express findings of fact which the Industrial Relations Commission desired had already been made by the Judge of Industrial Claims, and reversal was not warranted.
The cross-petition filed by the claimant raises the issue of whether the Judge of Industrial Claims' finding that claimant collapsed (rather than tripped) is supported by competent substantial evidence. It is. We have reviewed in detail the entire record in order to resolve this issue. Although the testimony presented is directly contradictory in many respects, and could well have supported a finding by the Judge of Industrial Claims that claimant had tripped as she contends, there is also a substantial amount of evidence supporting the conclusion that the claimant collapsed. Viewing the record as a whole, we hold that the finding of the Judge of Industrial Claims was supported by competent substantial evidence in accordance with logic and reason. Although the claimant established a prima facie case of compensable injury, the employer produced sufficient evidence showing that the injury could not have occurred as contended, but was due to other (and non-compensable) causes.[2]
Accordingly, the employer's petition for certiorari is hereby granted, and the order of the Industrial Relations Commission is reversed insofar as it remands the cause to the Judge of Industrial Claims for further findings of fact as to whether the injury sustained arose out of the claimant's employment. The Judge of Industrial Claims' order is re-instated. The claimant's cross-petition for writ of certiorari is denied.
It is so ordered.
CARLTON, C.J., and ROBERTS, ERVIN and ADKINS, JJ., concur.
NOTES
[1] Protectu Awning Shutter Co. v. Cline, 154 Fla. 30, 16 So.2d 342 (1944).
[2] Compare Southern Convalescent Home v. Wilson, 285 So.2d 404 (Fla. 1973); Federal Electric Corp. v. Best, 274 So.2d 886 (Fla. 1973).