THOMPSON, Judge.
The appellants challenge a workers’ compensation Order, contending that the claimant’s accident did not arise out of her employment. We agree and reverse.
The claimant, while working one evening, suffered from a headache and experienced nausea. She decided to go to a.nearby bathroom to lie down for a few minutes, and on the way to the bathroom, she fainted and fell to a linoleum-covered concrete floor, thereby injuring her back. A claim was filed, and subsequently the Deputy Commissioner (“the Deputy”) entered his Order, finding in part that the claimant suffered an injury by accident arising out of and in the course of her employment.
The appellants urge reversal, relying in part upon Southern Bell Tel. & Tel. Co. v. McCook, 355 So.2d 1166 (Fla.1977), and Market Food Distrib., Inc. v. Levenson, 383 So.2d 726 (Fla. 1st DCA 1980). But those cases are clearly distinguishable, insofar as in both cases, there were no significant events, other than the manifestation of the idiopathic conditions themselves, which contributed to the injuries sustained.[1] In the present case, however, the claimant’s injuries did not result solely from the manifestation of fainting, but from falling against the floor. Thus, the legal significance of this fact must be determined.
In order to receive compensation, the claimant must have suffered an injury, which necessarily occurs “by accident arising out of and in the course of employment....” Section 440.02(6), Fla.Stat. Here, the facts clearly reveal that the claimant suffered an injury by accident while in the course of employment. The issue is whether the accident arose out of employment.
The words “arising out of” refer to the origin or cause of an accident. McCook, 355 So.2d at 1168. Elaborating on this requirement, the supreme court has essentially noted that an accident arises out of employment when the employment in some way contributes to the risk of the accident occurring. See McCook, 355 So.2d at 1168-69. Florida cases, which have implicitly utilized this standard, have awarded compensation for injuries resulting from idiopathic falls when the work environment contributed to the risk of the falls occurring. For example, in Protectu Awning Shutter Co. v. Cline, 154 Fla. 30, 16 So.2d 342 (1944), the claimant fainted, fell, and struck his head against the floor. The court found that compensation should be awarded, noting that
*1154 [t]he chances are he might have fallen and sustained a fatal injury in his home, yet, it is less likely had he remained in the quiet of his own home, for without the physical exertion encountered in his work by a man of his age and physical condition, the chances of his failing were less likely.
Id. at 343 (emphasis supplied). See also Legakis v. Sultan & Sons, 383 So.2d 938 (Fla. 1st DCA 1980); Cheney v. F. E. C. News Distribution Co., 382 So.2d 1291 (Fla. 1st DCA 1980).
The claimant argues that her fall was attributable to her employment conditions. However, the record does not support this argument. One doctor basically testified that under the facts of this case, the claimant’s employment did not contribute to her fainting episode. While another doctor did testify as to a probable causal connection, this testimony has no probative value because it was not based on facts supported by the evidence. See Geiger Distributors, Inc. v. Snow, 186 So.2d 507, 509 (Fla.1966).
There is another basis for recovery which must be examined, insofar as an idiopathic fall which results in injury to the worker is deemed to arise out of employment if the employment aggravates the injury. See McCook, 355 So.2d at 1168. As observed in Foxworth v. Florida Industrial Commission, 86 So.2d 147, 151 (Fla.1955), “there is a basis for recovery for injuries resulting from a fall caused by personal physical conditions where the injuries from the fall can be attributed to some increased hazard attendant to the job such as where the fall is onto dangerous objects. ... ” The basic rationale for awarding compensation in such instances is that “the employment places the employee in a position increasing the dangerous effects of such a fall.... ” 1 Larson, The Law of Workmen’s Compensation § 12.11 at 3-256 (1978). As stated in McCook, the employment “aggravates the injury.” 355 So.2d at 1168 (emphasis supplied; footnote omitted).
In this case, we are not concerned with a fall onto what is ordinarily considered to be a dangerous object. Nor did the claimant’s employment pose any special hazards which would increase the effects of her fall. See Foxworth, 86 So.2d at 151. Instead, we are concerned with an idiopathic fall onto a level floor, and accordingly, “compensation for [the] effects of the fall is extremely difficult to justify....” Id. Although the supreme court in Foxworth stated that in this area, it “has favored the more liberal view allowing recovery ...,” id., this statement must be examined in context. The Foxworth decision relied upon Cline, noting that there,
we upheld recovery for [the] effects of a fall caused by the heart attack of the claimant who as a result fractured his skull on the concrete floor. This decision is justified on the basis that the hardness of the floor was an increased hazard attributable to the employment, but that case represents the outer limits of the doctrine.
86 So.2d at 151 (emphasis supplied).[2]
In Foxworth, the court followed its own admonition, and pointed out that the claimant’s employment did not serve to increase the hazards of his fall, whereby he fell onto an upholstered chair.
An upholstered chair is not a dangerous object. And the presence of such a chair .. . was not ... a special hazard peculiar to the claimant’s employment. Nor in an idiopathic fall against the stuffed arm of such a chair ... can there be found exposure to a hazard peculiar to the employment and beyond what is ordinarily experienced by the public as a whole.
86 So.2d at 151-52. See also Federal Electric Corp. v. Best, 274 So.2d 886 (Fla.1973).
Foxworth was followed in Southern Convalescent Home v. Wilson, 285 So.2d 404 (Fla.1973), where the claimant suffered an epileptic seizure unrelated to work, fell to the floor, and sustained injuries. The court found that “there was not any hazard of employment that contributed in any degree *1155 to the claimant’s injuries and it was solely the force of the non-occupational seizure that caused the injury....” Id. at 408. Likewise, in Honeywell, Inc. v. Scully, 289 So.2d 393, 394 (Fla.1974), the claimant collapsed at work and sustained injuries when “she fell to a level floor surface consisting of concrete covered with tile.” The Judge of Industrial Claims found that the fall was idiopathic, and that “the injury was not aggravated in any manner by any hazard of employment.” Id. Compensation was denied, and this denial was upheld by the supreme court.
In the present case, the Deputy found that “the hard concrete floor covered with tile served as a special and increased hazard . ... ” The appellants argue that there is no competent substantial evidence to support this finding, and we agree. There is nothing in the record which indicates that the floor aggravated the injuries that the claimant would have otherwise suffered had her fall taken place while she was not so employed. See Scully, 289 So.2d at 395; Wilson, 285 So.2d at 406. Simply put, the work environment in this case did not pose a hazard, beyond that ordinarily experienced by the public as a whole, which increased the effects of the claimant’s idiopathic fall. See Foxworth, 86 So.2d at 152. While we recognize that the Florida Supreme Court has indicated that a bare concrete floor may constitute an increased hazard of employment if it aggravates injuries that would have been otherwise suffered, see Scully, 289 So.2d at 395; Foxworth, 86 So.2d at 151, we also note that this situation “represents the outer limits of the doctrine.” Foxworth, 86 So.2d at 151. The facts of this case go beyond those limits.
The workers’ compensation law cannot be converted “into a mandatory general health insurance policy which does not limit the burden on industry to those ailments produced even remotely by the hazards of industry.” McCook, 355 So.2d at 1169. In this case, the claimant has suffered an injury which resulted by accident; i. e., fainting and falling to a floor. However, the law requires that the accident must not only be in the course of employment, but it must also arise out of employment. Section 440.-02(6), Fla.Stat. The evidence herein plainly shows that the claimant has not suffered a compensable accident arising out of her employment, nor did any condition of her employment pose a hazard, beyond that ordinarily experienced by the public as a whole, which increased the effects of the claimant’s fall. Accordingly, the Deputy’s Order is reversed.
ROBERT P. SMITH, Jr., J., concurs.
WOODIE A. LILES (Ret.), Associate Judge, dissents with opinion.

. Although both claimants were engaged in physical movement when their idiopathic conditions became symptomatic, these movements were not legally significant because they did not involve “an exertion greater than that normally performed by the employeefs] during [their] non-employment life.” Levenson, 383 So.2d at 727. The movements were normal ones that could occur at any time, thereby causing the idiopathic conditions to become symptomatic at any time. Id.; McCook, 355 So.2d at 1167. The movements fortuitously occurred at work, and thus, the idiopathic conditions became symptomatic for reasons entirely extraneous to the claimants’ job conditions or duties. Accordingly, the claimants did not suffer an injury by accident arising out of employment.

. The decision in Cline was also justified on the independent basis that the employment conditions contributed to the risk of the fall occurring. See 16 So.2d at 343.