SMITH, Chief Judge.
Claimant seeks review of a workers’ compensation order in which the deputy commissioner (dc) found that claimant’s present arthritic condition was unrelated to her industrial accident. On cross-appeal, the employer/carrier (e/c) seek review of the dc’s finding that claimant suffered a compensable accident as a result of her first fall in 1983. We affirm as to both appeals.
When injured on June 27, 1983, claimant was a sales clerk in the employer’s diamond department. Following an encounter with an extremely rude customer, claimant began perspiring and felt queasy but could not leave the department because of a company rule that two salespersons had to be on duty at all times. It was not until twenty minutes later when the third salesperson returned from a break that claimant was able to leave her department. As she was departing, she fainted on a carpeted area, injuring her right knee. On several prior occasions when claimant had experienced similar symptoms, she would take a short break during which time her symptoms would be alleviated.
As a result of the fall, Dr. Sullivan, orthopedic surgeon, performed an arthroscopic examination on claimant’s knee, at which time he excised the lateral meniscus, removed a loose body, and performed a partial synovectomy. Claimant was diagnosed as having very advanced degenerative arthritis of the knee which would eventually necessitate a total knee arthroplasty.
Claimant reached maximum medical improvement on November 29, 1983, with instructions to return to work in a sedentary position. In January 1984, she returned to work for the employer as a switchboard operator on the condition that she occasionally assist as a cashier during rush periods. As time progressed, the employer required claimant to stand on her feet more and more until Dr. Sullivan took her completely off work in August 1985. The e/c paid workers’ compensation benefits to claimant as a result of the 1983 fall. It is claimant’s request for benefits commencing in August 1985 that is in dispute in the present case.
On December 2, 1985, while claimant was descending the staircase at home, her right knee buckled, causing her to fall and injure her right arm, necessitating surgical repair. The dc found that the 1985 fall was not related to the 1983 fall but' rather to the natural progression of claimant’s pre-existing degenerative arthritis. Claimant contends that the record lacks competent, substantial evidence to support this finding. We disagree. Although somewhat equivocal, Dr. Sullivan’s testimony, when considered in its entirety, does provide the requisite support for the dc’s order. Dr. Sullivan testified that the 1985 fall resulted from claimant’s knee having buckled and that the knee buckled because of her arthritis. He also stated that the injuries sustained in the 1983 fall should not have significantly affected the buckling. He further testified that the 1983 surgery itself would tend to decrease claimant’s arthritis, but whether it made a significant difference either way was questionable. Lastly, he stated that claimant’s need for an arthroplasty within the next six months was necessitated by her extensive degenerative arthritis.
On cross-appeal, the e/c contend that the dc erred as a matter of law in ruling that claimant’s employment caused her to fall in 1983 and sustain injuries. We disagree. Following an encounter with an irate customer, claimant became sick but could not leave her work station to alleviate her symptoms until about twenty minutes later when another employee returned from a break. On her way to the . rest room, she fainted on a carpeted area and injured her right knee. These facts reveal that the conditions of claimant’s employment were sufficiently stressful and unusual so as to contribute to the fall which brought about her injury. We, hold therefore, that the evidence supports the dc’s finding that claimant’s injury arose out of *210 and was sustained in the course of her employment. See Lovett v. Gore Newspapers Co., 419 So.2d 306 (Fla.1982) (employee, who was required to work overtime while ill, fainted on linoleum-covered concrete floor and injured her back).
AFFIRMED.
MILLS, J., concurs.
ERVIN, J., concurs and dissents with opinion.