596 So.2d 81 (1992)
CNA INSURANCE COMPANY, Appellant,
v.
KEMPER INSURANCE COMPANY, Waste Management and Dee Gaskill, Appellees.
No. 90-2417.
District Court of Appeal of Florida, First District.
February 13, 1992.
*82 Ted R. Manry, III and James C. Delesie, Sr. of MacFarlane, Ferguson, Allison & Kelly, Tampa, for appellant.
Ray Calafell, Jr. of Ray Calafell, Jr., P.A., Tampa, for appellee Dee Gaskill.
Nancy A. Lauten of Fowler, White, Gillen, Boggs, Villareal and Banker, P.A., Tampa, for appellee Kemper Ins. Co.
ALLEN, Judge.
In this workers' compensation appeal, CNA Insurance Company, hereinafter CNA, appeals an order of the judge of compensation claims finding it liable for the claimant's future medical care and temporary total disability benefits and determining that CNA's claim for reimbursement from Kemper Insurance Company is not yet ripe for resolution. Because we find error in the legal analysis of the judge of compensation claims, we reverse.
On September 1, 1987, the claimant was working as a janitor for Waste Management of Tampa when he slipped on a wet floor and injured his knee and back. Kemper, the insurance carrier at risk when the fall occurred, did not dispute the compensability of the claim and provided the claimant with medical treatment and compensation benefits. When the claimant returned to work approximately three weeks after the fall, he continued to experience some problems with his knee and back. On February 26, 1989, the claimant was walking across the office floor prior to washing it when his knee gave way, causing him to fall. The claimant's knee had given way on him in a similar manner three or four times previously, all without warning. The claimant specifically denied any suggestion that he fell because his foot slipped. In the fall, the claimant broke his wrist and injured his neck and back. To date, these injuries have prevented his return to work. CNA, the insurance carrier at risk when this second fall occurred, paid disability benefits through February of 1990.
The claimant's claim for temporary total disability benefits and future medical care, inter alia, was heard in July of 1990 at a hearing in which both Kemper and CNA participated. Kemper argued that the claimant's present condition is the result of his 1989 fall so it is not liable for any benefits necessitated by that fall. CNA argued that the claimant's 1989 fall was the result of his leg buckling, and since that occurrence was a direct result of his 1987 fall, the claimant suffered no accident arising out of his employment in 1989 for which CNA might be held liable. After considering the testimony and the parties' arguments, the judge of compensation claims said,
I find that the cause of the Claimant's fall on 2/26/89 was his leg giving way on him, as it had done on several occasions *83 in the past, and that the cause of his leg giving way was directly related to the accident of 9/1/87. I do not find this, however, to resolve the issue. There can be no doubt but that the Claimant suffered an accident on [2/26/89] when his leg gave way and he fell, and as a result of this accident, he suffered not only reinjury to the part of his body injured on 9/1/87, but additional injuries as well. The Employer was insured by CNA at the time of this fall. The fall of [2/26/89] is, therefore, the responsibility of both carriers.
The judge further ruled that until the claimant reached maximum medical improvement, all benefits should be paid by CNA and after that time, liability for the benefits could be prorated between the two carriers upon CNA's filing of a claim for reimbursement. This appeal followed.
Where, as here, there exists a controversy between two insurance carriers as to which one is liable for the claimant's benefits, the allocation of responsibility between the carriers is based upon the extent to which each accident contributed to the claimant's need for medical care and disability benefits. Sauer Indus. Contracting Inc. v. Ditch, 547 So.2d 276, 277 (Fla. 1st DCA 1989); Atkins Const. Co. v. Wilson, 509 So.2d 1185, 1187 (Fla. 1st DCA 1987); Section 440.42(3), Florida Statutes. As a general rule, a claimant's employment contributes to his injury when there is some causal connection between the injury and the employment, when the claimant's injury has its origin in some risk incidental to the employment, or when the injury flows from the employment as a natural consequence. Hillsborough County School Bd. v. Williams, 565 So.2d 852, 853 (Fla. 1st DCA 1990). Although the claimant's 1989 fall occurred while he was at work, there is no evidence whatsoever that his work environment at that time contributed to his injuries. (For example, there is no evidence that the claimant's work apparatus contributed to his risk of falling or aggravated his injuries in some way). Indeed, all of the evidence supports the finding of the judge of compensation claims that the claimant fell solely because his previously injured knee buckled. For purposes of assessing the liability of CNA, the claimant's 1989 fall may be likened to a noncompensable, idiopathic fall in which the claimant's injury results from some condition personal to him and disassociated with his employment. See e.g., Leon County School Bd. v. Grimes, 548 So.2d 205 (Fla. 1989); Honeywell, Inc. v. Scully, 289 So.2d 393, 394 (Fla. 1st DCA 1974); and Southern Convalescent Home v. Wilson, 285 So.2d 404 (Fla. 1973).
In sum, the record supports the judge's factual finding that the claimant's knee giving way was the cause of his 1989 fall and the injuries sustained therefrom. Because there is no evidence suggesting that the claimant's employment contributed in some way to that fall or to those injuries, however, CNA may not be held liable for the benefits at issue here. Put another way, because of the judge's implicit finding that all of the claimant's 1989 injuries were the direct and natural result of his 1987 injury, Kemper is liable for all of the injuries sustained in the claimant's 1989 fall. Cf., Central Concrete Co., Inc. v. Harris, 475 So.2d 1300, 1301 (Fla. 1st DCA 1985) (when a primary injury is shown to have arisen out of and in the course of one's employment, every natural consequence of that injury likewise arises out of the employment unless it is the result of an independent intervening cause); and compare, Christilles v. H.J. Wilson Co., Inc., 513 So.2d 208 (Fla. 1st DCA 1987) (where competent substantial evidence supported the judge's finding that the claimant's 1985 fall was not related to her 1983 fall but to the natural progression of her preexisting arthritis). Accordingly, we remand for the judge's determination of the specific amount of benefits for which Kemper is liable.
JOANOS, C.J., and BOOTH, J., concur.