274 So.2d 886 (1973)
FEDERAL ELECTRIC CORPORATION and Employers Insurance of Wausau, Petitioners,
v.
William G. BEST (Deceased), Respondent.
No. 42782.
Supreme Court of Florida.
March 14, 1973.
*887 E.J. Gierach, of Gierach & Ewald, Orlando, for petitioners.
Mike Krasny, of Storms, Pappas & Krasny, Melbourne, and Kenneth H. Hart, Jr., Florida Industrial Relations Commission, Tallahassee, for respondents.
PER CURIAM.
We consider here a petition for writ of certiorari to review an order of the Industrial Relations Commission.
The deceased, William G. Best, was standing in his place of employment when he gasped, fell, and fractured his skull. Because of his head injuries, he underwent a craniotomy. As a result of his inactive, semi-conscious semi-comatose condition following the accident and surgery, he developed double pneumonia from which he died. His widow filed a claim for Workmen's Compensation benefits.
The Judge of Industrial Claims found:
"... the claimant was standing perfectly still at the time of the onset of this fall, did not slip or trip and fall, was not engaged in anything that created *888 stress or physical exertion, and was not subjected to any unusual conditions. Therefore, I find that decedent employee fell and resulting injuries from which he died were the result of the convulsive or grand mal-type seizure that he suffered immediately prior to the fall, and had absolutely no relation to his work."
The claimant sought review before the Industrial Relations Commission. The employer/carrier filed a motion to quash the claimant's brief and dismiss the application for review because her brief and transcript were untimely filed. The IRC said that it was conceded at oral argument that the moving party was not prejudiced by the late filing, therefore the motions were denied, citing Sweeney v. Pine Island Citrus Groves, Inc., Fla. 1970, 234 So.2d 644. The Commission then reversed the Judge of Industrial Claims' order denying benefits and remanded the cause, saying:
"In reviewing the record before us it is apparent that a conflict existed in the testimony of the two persons present at the time of the seizure and resulting injury. On page three of his Order the Judge recognized this conflict, but failed to resolve it. In disposing of a claim for compensation, a Judge should resolve all conflicts in the evidence upon material matters as required by the case of Andrews v. C.B.S. Division, Maule Industries, 118 So.2d 206 (Fla. 1960), and make specific findings of facts sufficient to show clearly the basis for any award. See Ball v. Mann, 75 So.2d 758 (Fla. 1954).
"The final point that has been left unresolved in the Order of the Judge of Industrial Claims is whether the desk upon which the claimant, according to one of the witnesses, struck his head may have been a hazard of his employment. Foxworth v. Florida Industrial Commission, 86 So.2d 147 (Fla. 1955).
"A review of the Order does not reveal sufficient findings of fact to resolve the above stated issues, and, thus, we are not able knowledgeably to review the Order."
Petitioners raise the following issues in their petition for writ of certiorari:
1. Whether the Industrial Relations Commission erred in denying their motion to dismiss Claimant's application for review because she untimely filed her brief and record.
2. Whether the Order of the Judge of Industrial Claims is supported by competent, substantial evidence.
It is Petitioners' contention that under Sweeney IRC rules may be waived only for good cause and, since the IRC did not expressly state a good reason for claimant's failure to file her brief and transcript on time, her application for review should have been dismissed. Claimant says that they were only a day late (and that was due to confusion as to whether a 3-day mailing rule applied). She says the IRC correctly concluded that her action should not be dismissed, also citing Sweeney's holding that the rules are not mandatory and may be waived for good cause. We conclude the action of the Commission in denying Petitioners' motion under the circumstances is proper. Especially is this true in light of Sweeney's statement that: "Ordinarily the exercise of such discretion [waiving of rules] will not be disturbed on review except on a clear showing of an abuse of power or an arbitrary exercise of power."
The conclusion of the Judge denying the claim was supported by competent, substantial evidence. The two co-workers of the deceased who were in the room with him when he collapsed testified that for no apparent reason he let out a moan and fell. We find nothing in the record to indicate that this fall was in any way related to Best's job.
The IRC does not state that it disputes the fact that the order was supported by competent, substantial evidence; rather, it said it was reversing and remanding the cause because the Judge did not resolve conflicting testimony given by the two men *889 who were with Best at the time of his fall and did not determine whether a desk in the room could "have been a hazard of the employment." The "conflicting testimony" concerns the exact direction and manner in which the decedent fell and whether or not his head hit a desk before he hit the floor. It is not at all pertinent to a determination of whether the cause of the fall was work-related, which is the ultimate issue in this case. Furthermore, the record contains nothing to indicate that the desk which Best may have hit was any more a "hazard of employment" that any ordinary piece of furniture would be.
It is Respondent's position that the claimant should be compensated because her husband died following a fall at work. Respondent takes the position that the cause of the fall is unexplainable and is therefore unimportant to a determination of the issue of compensability.
Even though the Judge of Industrial Claims may have been medically mistaken in concluding what was the cause that precipitated deceased's fall, it is quite clear from the record his fall was not work-related. The evidence is clear that deceased suffered no compensable accident arising out of his employment and that no "hazard of employment" contributed to his injury. The evidence is ample to sustain the ultimate finding of the JIC in these particulars, even though it is not clear what sudden internal physical breakdown produced the deceased's fall.
The order of the Commission is quashed with instruction to reinstate the order of the Judge of Industrial Claims.
It is so ordered.
CARLTON, C.J., and ROBERTS, ERVIN, BOYD and DEKLE, JJ., concur.