382 So.2d 1291 (1980)
Jay C. CHENEY, Appellant,
v.
F.E.C. NEWS DISTRIBUTION COMPANY and Liberty Mutual Insurance Company, Appellees.
No. QQ-178.
District Court of Appeal of Florida, First District.
April 18, 1980.
Rehearing Denied May 16, 1980.
Janet Freeman, of Cone, Owen, Wagner, Nugent, Johnson, Hazouri & Roth, West Palm Beach, for appellant.
Marjorie D. Gadarian, of Jones, Paine & Foster, P.A., West Palm Beach, for appellees.
*1292 SHIVERS, Judge.
This appeal is from an order of the Judge of Industrial Claims, who held that an injury appellant suffered while working was not related to his employment, and was therefore not compensable.
To recover, appellant must have suffered an accident and injury arising out of and in the scope of his employment. We find that he did because, although his injury resulted from a preexisting physical condition, the effects of that condition were aggravated by his employment.
Claimant sustained a basilar skull fracture on June 8, 1977, while working for the appellee/employer. Before this, in February 1977, claimant had been involved in a nonwork-related automobile accident which caused him to suffer a hematoma, cerebral concussion and amnesia. Following the automobile accident, claimant had recurrent symptoms of headaches and dizziness almost every morning while getting out of bed. He also complained of dizziness resulting from any change of position, and testified that his headaches and dizziness occurred mostly when he was bending down.
After the accident he was hired by his brother, the appellee's manager, to work for the appellee, a news distributor. The job, in which claimant delivered magazines to retail outlets, required him to bend down to pick up and put magazines on the rack, and to take the outdated magazines off the rack and place them back in the delivery truck.
At the time of the accident, claimant was replacing magazines on the rack in Publix Supermarket when he became dizzy, fell onto the tile terrazo floor and injured his head.
Claimant specifically remembered putting the magazines on the rack, holding them and throwing old ones down on the floor. He testified:
... I bent down to pick them up and put them back in the rack and I was dizzy when I got up, you know, like the room goes around a little bit, and I turned to Mike and I said, "Mike, I do not feel good," and that's the last thing I remember.
The Judge, in denying that appellant's injury was related to his job, stated he relied "very heavily" on the opinion of Dr. Kaplan, a neurologist, whom the Judge considered "more qualified than any witness in the case even though he never saw the claimant."
The Judge concluded:
Dr. Kaplan ... could not say with any degree of certainty what caused the claimant to fall on June 8, 1977, suggesting that possibly a dizziness on a postural change caused the June, 1977 fall and the second injury... .
13. The only conclusion that can be reached if Dr. Kaplan's testimony is ignored is that the claimant fell on June 8, 1977 because of a condition caused by the auto accident.
14. Or if all of the evidence is considered and Dr. Kaplan is relied on, the claimant's fall on June 8, 1977 is an idiopathic incident that had no relationship to anything that occurred earlier.
In either case, the fall and injury of June 8, 1977 is in no way related to the claimant's employment and does not arise out of the claimant's employment.
While it is true that the condition which caused appellant's dizziness did not arise from his job, the activity demanded by his work increased the chances of his becoming dizzy. This case is therefore analogous to State of Florida, Department of Transportation v. Hendry, IRC Order 2-3786 (April 1979). In that case, the Commission found that the employee should be compensated because the activity of getting into and out of a car, which was required by his job, aggravated a preexisting physical condition.
In the case under consideration, claimant's duties required him to carry magazines, put them on the floor, then on a rack, and take others off a rack. These activities indicate the necessity to bend, twist and turn to accomplish his job.
Positional changes often portended claimant's dizziness. At home he could control the amount of twisting, turning and bending *1293 that he did, but not at work. Here the employment activity did contribute to the injury. It is less likely the employee would have fallen at home where he could have better and more selectively controlled his positional changes. See also Protectu Awning Shutter Co. v. Cline, 154 Fla. 30, 16 So.2d 342 (1944).
We disagree with appellee's contention that Southern Bell Telephone and Telegraph Co. v. McCook, 355 So.2d 1166 (Fla. 1977) mandates the affirming of the appealed order. In that case, an employee with a congenital back condition, while using the restroom at work at a scheduled break, leaned over to pick up a stray roll of toilet paper and suddenly experienced a grabbing sensation in her back. The McCook case is distinguishable from the one under review. The Hendry case noted the entire pertinent statement in McCook:
McCook suffered from an idiopathic condition which manifested itself for the first time during the course of employment, for reasons entirely extraneous to her job conditions or duties.
We hold that claimant suffered an accident and injury arising out of and in the scope of his employment.
REVERSED and REMANDED for further proceedings consistent herewith.
ERVIN and SHAW, JJ., concur.