383 So.2d 726 (1980)
MARKET FOOD DISTRIBUTORS, INC. and Travelers Insurance Company, Appellants,
v.
Harold LEVENSON, Appellee.
No. QQ-150.
District Court of Appeal of Florida, First District.
May 7, 1980.
Rehearing Denied June 6, 1980.
H. George Kagan of Miller & Hodges, Miami, for appellants.
Albert E. Harum, Jr. of Harum & Harum, Coral Gables, for appellee.
ERVIN, Judge.
Market Food Distributors, the employer/carrier, appeals the judge of industrial claims' finding that claimant Levenson injured his back "by accident arising out of ... employment", when he bent over to pull out a 20-30 pound desk drawer. We reverse. The absence of any evidence that *727 Levenson's employment contributed to the risk or aggravated his condition is the fatal flaw to his claim for compensation.
Levenson's claim is controlled by Southern Bell Telephone & Telegraph v. McCook, 355 So.2d 1166, 1168 (Fla. 1977), holding that when a claimant suffers from a preexisting condition and is injured in the course of employment, the injury is compensable only if the claimant can show it "arose out of" the employment. Amplifying upon this rule, Commissioner Wentworth, specially concurring in Orange County Board of County Commissioners v. Jordan, IRC Order 2-3785 (April 25, 1979), stated that in order for there to be a causal connection between the employment and the aggravation of a preexisting condition, the employment circumstances must have presented a risk different from those necessarily encountered in non-employment life.
Professor Larson's analysis of the problem relating to idiopathic cases is helpful. He suggests the problem can best be resolved by considering the legal cause of the injury, and then, its medical cause. 1B A. Larson, Workmen's Compensation Law, § 38.83 at 7-233 (1980). The inquiry focuses first upon what kind of exertion satisfies the legal test, i.e., whether the injury is one caused by the employment, and, if the exertion is legally sufficient to support compensation, next whether medically it caused the injury. Id. at 7-235. As to the legal test, if the employee brings to the job some personal element of risk unrelated to his employment (for example, a preexisting condition), before the injury can be found compensable, the employment must involve an exertion greater than that normally performed by the employee during his non-employment life. But, if the employee has no prior weakness or disease, any exertion connected with the employment and causally connected with the injury as a matter of medical fact is adequate to satisfy the legal test of causation. In both cases it is still necessary for a claimant to establish that medically the particular exertion causally contributed to the injury. Id. at 7-237. Larson offers the following example:
Suppose Y's usual job involves no lifting. Suppose he lifts a 20-pound weight on-the-job, and suppose there is medical testimony that this lift caused this heart attack... . Under the suggested rule the result would depend on whether there was a personal causal element in the form of a previously weakened heart. If there was not, compensation would be awarded, since the employment contributed something and the employee's personal life nothing to the causing of the collapse. If there was, compensation would be denied in spite of the medical causal contribution, because legally the personal causal contribution was substantial, while the employment added nothing to the usual wear and tear of life  which certainly includes lifting objects weighing 20 pounds, such as bags of golf clubs, minnow pails, stepladders... . . (e.s.) Id. at X-XXX-XXX.
Levenson's injury fortuitously occurred during the course of his employment. The medical testimony revealed that his preexisting, asymptomatic spinal disease, lumbar stenosis, had advanced to the point that an injury could have been triggered at any time during a normal torsional movement, such as rising from bed. His case is thus distinguishable from our recent decision in Cheney v. F.E.C. News Distribution Company, 382 So.2d 1291 (Fla. 1st DCA, 1980), holding the claimant's injury, caused by a fall on the job, compensable. Although Cheney had suffered from recurrent symptoms of headaches and dizziness resulting from a noncompensable accident, we observed that his condition could be controlled while at home, but not on the job because his employment duties required him to bend, twist and turn. The facts in Cheney, then, were similar to those in State of Florida v. Hendry, IRC Order 2-3786 (April 25, 1979), showing repeated patterns of required activity in the claimant's job, which differed in degree and frequency from those necessarily occurring outside his employment.
We conclude that the exertion required to pull out the desk drawer was no greater *728 than one which Levenson would necessarily have encountered in normal non-employment life. As in McCook, Levenson suffered from an idiopathic condition which first became symptomatic during the course of employment for reasons extraneous to his job conditions or duties. His injury was therefore not one caused by accident arising out of employment.
REVERSED.
SHIVERS and SHAW, JJ., concur.