383 So.2d 938 (1980)
Anna LEGAKIS, Appellant,
v.
SULTAN & SONS and Cosmopolitan Mutual Insurance Company, Appellees.
No. QQ-454.
District Court of Appeal of Florida, First District.
May 8, 1980.
Rehearing Denied June 10, 1980.
*939 James F. Johnson, Jr., Fort Lauderdale, for appellant.
Albert P. Massey, III of Pyszka, Kessler & Adams, Fort Lauderdale, for appellees.
ERVIN, Judge.
In this workers' compensation case, the claimant Legakis appeals an order of the judge of industrial claims holding that her head injuries, caused by a fall during the course of her employment, were not compensable because they did not arise out of her employment. We reverse. The narrow issue before us is whether Mrs. Legakis's employment conditions contributed to a risk personal to her in a manner substantially different from that which she would have encountered during her normal non-employment life.
Claimant, while operating a steam press for her employer, Sultan and Sons, inhaled vapor from a spray solution which was blown into her face by the press. The vapor caused a nauseous feeling and, when she turned her head abruptly to vomit, she fainted, and while falling backwards, struck her head on a desk. Claimant was examined by several physicians. One diagnosed a condition preexisting her accident, labyrinthitis, which manifests itself, among other things, by dizziness. Another, a neurologist, also testified she suffered from labyrinthitis, and with such a condition, a sudden turn of the head could produce vertigo, causing her to lose her balance and fall. Finally, an otolaryngologist stated that she might have allergic rhinitis which could have caused her to faint after inhaling a chemical starch spray. In denying the claim, the judge concluded:
[O]nly through speculation, could I conclude that the claimant's passing out was the result of her having inhaled a chemical spray and I find that it is more reasonable and logical that her passing out was the result of an idiopathic cause not arising out of her work.
The present case involves trauma brought about by an external force (a desk) as distinguished from internal failure "accidents" occurring during the course of employment which cause preexisting conditions to become suddenly symptomatic, such as those in Southern Bell Telephone and Telegraph Company v. McCook, 355 So.2d 1166 (Fla. 1977); Orange County Board of County Commissioners v. Jordan, IRC Order 2-3785 (April 25, 1979); Market Food Distributors, Inc., et al. v. Levenson, 383 So.2d 726 (Fla. 1st DCA, 1980). The general rule is that injuries caused by idiopathic falls do not arise out of employment unless the employment in some way contributes to the risk personal to the claimant or aggravates the injury. Foxworth v. Florida Industrial Commission, 86 So.2d 147, 151 (Fla. 1955); Federal Electric Corp. v. Best, 274 So.2d 886 (Fla. 1973); Southern Convalescent Home v. Wilson, 285 So.2d 404 (Fla. 1973); Honeywell v. Scully, 289 So.2d 393 (Fla. 1974). See also 1 Larson, Workmen's Compensation Law, § 12.10, 3-252 (1978). Common examples of employment conditions increasing a risk to employees include a fall from heights or onto dangerous objects, Foxworth, supra, at 151, or a requirement that the employee use a motor vehicle during his working hours. Pickens v. Sam L. Rudd Leasing U.S.A., IRC Order 2-3741 (March 21, 1979).
If the evidence showed only that Mrs. Legakis's head injuries were caused by a fall on a desk, those injuries would be noncompensable. See Federal Electric Corporation v. Best, supra, where the evidence revealed that the claimant, standing perfectly still just before his fall, was neither engaged in any physical exertion nor was *940 he subjected to any unusual employment conditions. His fall was caused solely by an idiopathic condition  epilepsy. The facts here, however, are markedly different from those in Best.
While the evidence supports the judge's finding that Mrs. Legakis's inhalation of the chemical spray did not cause her to faint, that finding does not necessarily require the conclusion her fall was caused solely by an idiopathic condition. The judge's order apparently accepted the claimant's testimony that immediately before her fall she inhaled a chemical spray which caused her to turn her head. The medical testimony was unrefuted that given the employee's labyrinthitis, an abrupt change in position could cause a loss of balance and a resulting fall. Claimant's testimony and the medical testimony are in no way inconsistent. Both lead to the inescapable conclusion that but for the employee's inhalation of the spray, the use of which was required in order to perform her job duties, her head would not have abruptly turned, thereby triggering the symptomatology consistent with her condition of labyrinthitis: fainting. The employment conditions to which Mrs. Legakis was necessarily exposed substantially contributed to the risk of sudden collapse,[1] conditions which she certainly would not have encountered during her normal non-employment life. Compare Cheney v. F E C News Distribution Company, 382 So.2d 1291 (Fla. 1st DCA, 1980).
The order denying compensation is reversed and the case is remanded for further proceedings consistent with this opinion.
SHIVERS and SHAW, JJ., concur.
NOTES
[1] Larson analogizes injuries resulting from idiopathic-fall-cases to injuries sustained by an employee during an assault motivated by purely personal reasons. In both instances, unless the employment condition increases the risk personal to the claimant, the injuries are not caused by the employment. But if the employment increases the risk by requiring, for example, a night watchman's presence in dark and remote corners where the chances of an assault for personal reasons are enhanced, a resulting claim for injuries is compensable. 1 Larson, supra, § 12.14 at 3-267.