SHAW, Judge.
The claimant, a 20-year-old male with a medical history of back difficulties, was employed by the present employer in October of 1979 to assist customers in equipment rentals. On Friday, November 23, at approximately 3:00 p. m., he was in the process of moving a generator when he experienced a sudden sharp pain in the center of his back. After abandoning efforts to move the generator he spent the remainder of the day loading chairs and the next day was unable to work because of pain. Saturday and Sunday were spent in bed and on Monday he was seen by Dr. DiCosola who opined that he had suffered a new injury to his back.
The Deputy Commissioner denied the appellant’s claim for compensation and dismissed the claim with prejudice. The following paragraph from the order sheds light upon the dismissal:
6. Section 440.02(18), Florida Statutes, defines “accident” as being merely “an unexpected or unusual event or result happening suddenly. ... ” (emphasis added). Therefore, in order to find an accident in this instance, it is necessary to find an unusual or unexpected result did, in fact, happen suddenly. Predicated upon the bizarre symptomatology pattern and the employee-claimant’s previous experiences of similar import which are set forth in the findings of fact hereinabove, it is the finding of your undersigned that the employee has not sustained an acci *1195 dent and injury arising out of and in the course of his employment as that term is so defined in the statutory provision afore recited. Therefore, and after careful review of all of the evidence presented for my consideration, it is the opinion of your undersigned that there is no competent nor substantial evidence to meet the employee-claimant’s burden of proof of establishing that he did, in fact, sustain an accident arising out of and in the course of his employment on November 23, 1979, during the claimant’s employment with the employer herein.
The Deputy’s finding is not supported by the record. The claimant’s testimony that he experienced a sudden sharp pain while lifting equipment, and that as a result of the pain he required bed rest and hospitalization is competent substantial evidence of an unexpected or unusual event or result happening suddenly. The episode qualifies as an accident within the meaning of the Workers’ Compensation Law. Gray v. Employers Mut. Liability Ins. Co., 64 So.2d 650 (Fla.1953).
The order is accordingly reversed and the cause is remanded to the Deputy for further proceedings consistent with this opinion.
SHIVERS and THOMPSON, JJ., concur.