395 So.2d 263 (1981)
IVY H. SMITH COMPANY and United States Fidelity & Guaranty Company, Appellants,
v.
Robert L. KATES, Appellee.
No. WW-44.
District Court of Appeal of Florida, First District.
March 13, 1981.
E. Robert Williams of Boyd, Jenerette, Leemis & Staas, P.A., Jacksonville, for appellants.
Joseph O. Stroud, Jr., of Rogers, Towers, Bailey, Jones & Gay, Jacksonville, for appellee.
WENTWORTH, Judge.
The employer/carrier appeals a worker's compensation order which finds Kates PTD and awards him compensation, urging that Kates' heart attack was not precipitated by work connected stress and did not arise out of employment. We affirm.
Kates, a 43 year old skilled laborer, was working with other employees laying conduit pipe in a trench when they encountered an obstruction, which required them to stop work while the supervisor checked the blue-prints. While the workers were standing around, one of them threw a vine at Kates and yelled "snake". Kates jumped up and down in fright and then ran for about 25 to 30 feet. He became short of breath, knelt down, and began feeling faint with severe pain in his chest. He continued to suffer these symptoms and three days later was admitted to the hospital with the diagnosis of myocardial infarction.
Dr. Heath, Kates' treating physician, testified the combined stress of the fright and *264 the physical activity precipitated the myocardial infarction. The deputy accepted this testimony and found that claimant sustained an accident within the course and scope of his employment, the physical reaction to the stress removing the case from the rule in Richard E. Mosca & Co. v. Mosca, 362 So.2d 1340 (Fla. 1978), recently reaffirmed in Silvera v. The Miami Wholesale Grocery Inc., No. 56,685, SCO, 1981 FLW 89 (Fla. 1981).
The employer/carrier argues that Victor Wine & Liquor, Inc. v. Beasley, 141 So.2d 581 (Fla. 1962), and its progeny require the unusual strain and stress to be work connected, and therefore the principles applicable to cases involving horseplay are not applicable to heart attacks. We conclude that in such situations, when horseplay is of such character as to remain within the course and scope of employment, it becomes a substitute for the work activity for purposes of applying the Victor Wine test.
Florida allows compensation to instigators and participants as well as victims of horseplay, depending on circumstances such as 1) the extent and seriousness of the deviation, 2) the completeness of the deviation, 3) the extent to which similar activity has been forbidden, accepted or tolerated, and 4) the extent to which the horseplay was expected or reasonably foreseeable. Times Publishing Company v. Walters, 382 So.2d 720, 721 Fla. 1st DCA (1980); Webb v. Perini, Walsh, Mills & Blythe Brothers, 2 FCR 9 (1956); Boyd v. Florida Mattress Factory, Inc., 128 So.2d 881 (Fla. 1961); Publix Supermarkets, Inc. v. Murdock, IRC Order 2-3652 (1979). When the horseplay is an insubstantial deviation and a reasonably foreseeable result of the work conditions, and the requirements of Victor Wine are met, heart attacks resulting from horseplay should be treated as any other injury.
There is competent substantial evidence in the record to support the findings in the order. It is uncontroverted that Kates was a victim of the horseplay and as the court observed in Times Publishing, horseplay during enforced work breaks is foreseeable. The testimony of Dr. Heath, taken with that of claimant, clearly establishes an identifiable, physical exertion greater than that usually required of claimant by his job.
The facts of this case distinguish it from City of Jacksonville v. Yarbor, IRC Order 2-3675 (1979), in which the claimant sustained a myocardial infarction due to the routine activity of his job coupled with extraordinary stress from a phone call threatening physical violence. That unusual stress was entirely emotional, placing the case squarely within the confines of Mosca. Pinellas County Board of County Commissioners v. Whittington, IRC Order 2-3682 (1979), is similarly distinguishable. There was no evidence of physical exertion beyond the normal job requirements, and the emotional stress caused by claimant's fear of snakes, which resulted in a cerebrovascular accident, was insufficient to overcome the Mosca rule.
As to appellant's second point, the record supports the determination that claimant's heart attack was within the course and scope and arose out of his employment because the requisite unusual physical and mental job stress was a precipitating cause, contrary to appellant's argument that it was due solely to claimant's idiopathic and preexisting conditions. See Market Food Distributors, Inc. v. Levenson, 383 So.2d 726 (Fla. 1st DCA 1980), Cheney v. F.E.C. News Distribution Company, 382 So.2d 1291 (Fla. 1st DCA 1980).
Accordingly, the order is affirmed.
MILLS, C.J., and ROBERT P. SMITH, Jr., J., concur.