412 So.2d 34 (1982)
BAKER MOBILES OF FLORIDA and United States Fidelity & Guaranty Company, Appellants,
v.
Eugene O'NEIL and the Division of Workers' Compensation, Appellees.
No. AD-183.
District Court of Appeal of Florida, First District.
April 5, 1982.
Summers Warden, Miami, for appellants.
Miguel A. Orta of Ress, Gomez, Rosenberg & Howland, Jr., North Miami, for appellees.
PER CURIAM.
This is an appeal from an order of the deputy commissioner awarding temporary total disability benefits, payment of medical bills, penalties, and future medical care. We reverse.
While lifting or attempting to lift a cinder block, the claimant sustained a compression fracture of the L-1 and L-3 vertebrae. The deputy commissioner found that at the time of the accident the claimant was suffering from severe osteoporosis, which had slowly developed as a result of steroid therapy administered to control his bronchial asthma. He found that the steroid therapy led to a progressive weakening of the bones in the claimant's back to the point that he sustained compression fractures as a result of lifting the cinder block.
It is settled that when an employee brings to his job some idiopathic condition, before the injury may be found compensable, the employee must demonstrate that it *35 resulted from an exertion or strain beyond that which he normally encountered, in his non-working life. Southern Bell Telephone and Telegraph Company v. McCook, 355 So.2d 1166 (Fla. 1977); Gore Newspapers v. Lovett, 393 So.2d 1152 (Fla. 1st DCA 1981); Market Food Distributors, Inc. v. Levenson, 383 So.2d 726 (Fla. 1st DCA 1980); 1 Larson Workmen's Compensation Law, § 12.10, 3-252 (1978). Compare, Croft v. Pinkerton-Hayes Lumber Company, 386 So.2d 535 (Fla. 1980) (claimant working under unusual strain); Ivy H. Smith Company v. Kates, 395 So.2d 263 (Fla. 1st DCA 1981) (claimant subjected to unusual stress and exertion); Legakis v. Sultan & Sons, 383 So.2d 938 (Fla. 1st DCA 1980) (working conditions such as would not normally be encountered); Cheney v. F.E.C. News Distribution Company, 382 So.2d 1291 (Fla. 1st DCA 1980) (working conditions such as would not normally be encountered).
In the instant case, there is no evidence that the claimant's injury occurred as a result of an effort greater than that which he would normally encounter in his non-working life, nor is there any evidence that the conditions of his employment were such as he would not normally encounter in his non-working life. Accordingly, the injury may not be said to be one which "arose out of" his employment. Market Food Distributors v. Levenson. The order of the deputy commissioner is reversed and the cause is remanded with directions to dismiss the claim.
ROBERT P. SMITH, Jr., C.J., and LARRY G. SMITH and WIGGINTON, JJ., concur.