419 So.2d 306 (1982)
Lilla LOVETT, Petitioner,
v.
GORE NEWSPAPERS COMPANY and Zurich Insurance Company, Respondents.
No. 60430.
Supreme Court of Florida.
July 15, 1982.
Rehearing Denied October 5, 1982.
Dennis M. Usdan of the Law Offices of Nolan & Usdan, Fort Lauderdale, for petitioner.
Joseph H. Lowe of Marlow, Shofi, Ortmayer, Smith, Connell & Valerius, Miami, for respondents.
BOYD, Justice.
This cause is before the Court on petition for review of the decision of the district court of appeal on the ground of express and direct conflict with decisions of this Court. The decision below, Gore Newspapers Company v. Lovett, 393 So.2d 1152 (Fla. 1st DCA 1981), conflicts with Foxworth v. Florida Industrial Commission, 86 So.2d 147 (Fla. 1955), and Protectu Awning Shutter Co. v. Cline, 154 Fla. 30, 16 So.2d 342 (1944). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
This case arises from the petitioner's claim of workers' compensation from the respondents. Petitioner Lilla Lovett was a 59-year-old widow who suffered from a congenital condition known as scoliosis which is characterized by a very marked curvature of the spine. This pre-existing condition was aggravated when petitioner fell at work, striking her back on a linoleum-covered concrete floor. The employer, Gore Newspapers Company, and its insurer, Zurich Insurance Company, contested petitioner's workers' compensation claim, contending that the accident was not one arising out of and in the course of her employment. A deputy commissioner held a hearing and found the following facts:
c. On March 6, 1978 the claimant was employed as an advertising paster working her usual hours from 4:00 p.m. to 11:50 p.m., Monday through Friday. Her *307 employment duties included ordering, typing, assembling and pasting together advertising pieces. The claimant was employed in the composing room and was required to do prolonged walking to fulfill the responsibilities of her job which included delivering the completed advertisement to the proof readers. On the evening of March 6, 1978, the claimant testified, and I find her testimony truthful, that she developed a dull ache in her head which worsened considerably throughout her shift. At the end of the claimant's normal working hours she testified that she was feeling tired, nauseous and headachy. Further testimony revealed that some time just after 11:00 p.m. the claimant was advised by a representative of the employer that she would be required to work overtime for approximately two hours following the normal end of her shift at 11:50 p.m. The claimant notified her employer that she was not capable of working the two extra hours of overtime because of her condition which had worsened considerably throughout the evening. The claimant was advised by her employer that she would be required to work the extra two hours of overtime, and the same would be mandatory in order for her to continue to retain her employment position. The claimant testified that she was fearful of being terminated and decided to work the overtime shift. At about 12:45 a.m. on March 7, 1978, while working her overtime shift, the claimant decided that it was necessary to go to the rest room just down the hall from the area where she was working. On the way to the rest room the claimant fell to the hard concrete floor covered with tile, landing on her back. The claimant was immediately rushed to Broward General Hospital and treated in the emergency room and released.
d. That same morning, the claimant came under the care and treatment of Dr. Floyd Osterman, who advised her to remain out of work to recover from the back injury sustained in the fall. From March 7, 1978 through April 2, 1978 the claimant was confined to her home. On April 3, 1978 the claimant tried to return to her usual employment. After one day of trial work the claimant again had a recurrence of her severe back pain and advised her employer that she was not able to continue working.
e. On April 20, 1978 the claimant came under the care and treatment of an orthopedic surgeon, Dr. George Rahilly. The claimant received conservative care from Dr. Rahilly, including physical therapy and medication for relief of back pain. Again the claimant tried to return to her usual work in the middle of April, 1978, and was again unable to continue working because of the nature of her pain, from April 24, 1978 to September 4, 1978. Once again the claimant tried to return to work from September 4, 1978 through March 9, 1979, however, she was required to stop work because of the nature of her back pain once again on March 9, 1979.
f. Dr. George Rahilly, the only orthopedic surgeon to testify in this cause, and the treating physician for the claimant's back condition, testified, and I accept his testimony as true, that the claimant suffered from a pre-existing back condition known as scoliosis, which was severely and permanently aggravated by her fall to the employer's hard concrete floor covered by tile, on March 7, 1978.
g. I find therefore, that the claimant did suffer an injury by accident arising out of and in the course of her employment on March 7, 1978. The claim herein is for compensation and medical benefits as a result of physical damage suffered by the claimant as a result of her fall at work. As such no claim is being made for compensation and/or medical treatment for the claimant's fatigue, headaches or her emotional problems. We are therefore concerned with the compensability of an identifiable accident. I find that recovery is not precluded by the fact that the claimant may have suffered a loss of consciousness prior to the fall that actually occasioned her back injuries. *308 The vital point here is that the injury, [for] which claim is being made, was caused by the claimant's contact with the hard concrete floor covered with tile. Dr. Rahilly testified, and I accept his testimony, that the hard concrete floor covered with tile served as a special and increased hazard to the claimant's pre-existing back condition, which was permanently aggravated by her fall to it. I therefore find that a compensable injury was suffered by the claimant herein because it originated in some substantial risk connected with the employment and flowing as a natural consequence from the employment.
Original Record at 265-68.
The district court of appeal reversed, holding that while the accident occurred in the course of petitioner's employment it did not arise out of her employment. In reaching this conclusion the district court found that the conditions of employment did not contribute to the fall which brought about petitioner's injury. In so finding, the district court erred.
As the deputy commissioner found, on the night of the accident petitioner was required to work two hours beyond her normal eight-hour shift despite her protestations that she was not feeling well. The tiled concrete floor, as the deputy commissioner also found, was a special and increased hazard to appellant's pre-existing back condition. Because of these factors it cannot fairly be said that petitioner would just as likely have sustained an injury such as the one that occurred if she had been in her own home. See Protectu Awning Shutter Co. v. Cline, 154 Fla. 30, 16 So.2d 342 (1944) (fall on floor at work, caused in part by injured worker's physical/condition, was a compensable accident); Cheney v. F.E.C. News Distribution Co., 382 So.2d 1291 (Fla. 1st DCA 1980) (fall caused by the effect of the nature of the work on claimant's physical condition, and aggravating a pre-existing condition, was compensable). "In this highly controversial area, [idiopathic falls causing injury on the job] this court has favored the more liberal view allowing recovery." Foxworth v. Florida Industrial Commission, 86 So.2d 147, 152 (Fla. 1955). We therefore hold that the district court erred in overturning the deputy commissioner's finding that petitioner's employment, along with her personal physical condition, caused her to fall and sustain injury. The injury arose out of and was sustained in the course of petitioner's employment and was therefore compensable.
The decision of the district court of appeal is quashed and the case is remanded with directions that the deputy commissioner's order be affirmed.
It is so ordered.
ALDERMAN, C.J., and ADKINS, OVERTON, SUNDBERG and McDONALD, JJ., concur.