481 So.2d 92 (1986)
Denise MEDEIROS, Appellant,
v.
RESIDENTIAL COMMUNITIES OF AMERICA, and Adjustco, Appellees.
No. BF-13.
District Court of Appeal of Florida, First District.
January 7, 1986.
George J. Adler, Orlando, for appellant.
Robert G. Brightman, Orlando, for appellees.
NIMMONS, Judge.
Claimant appeals a workers' compensation order finding that her accident did not arise out of her employment and therefore denying her claim for temporary total disability and other benefits. We affirm.
Claimant, a thirty-five year old woman, sustained injuries in a non-compensable automobile accident on February 10, 1984. This accident resulted in headaches and dizziness. She missed approximately five days of work. She returned to her job as a runner for the employer herein and, on the *93 morning of February 29, 1984, was making her first delivery when she fell on a stairway and injured her knee.
Dr. Bixon, her treating physician, and Mr. Lenhart, her supervisor, both testified that she told them the accident occurred when she became dizzy, blacked out and fell down. Dr. Bixon testified that on February 24, 1984, claimant was unable to perform the heel-to-toe test without becoming dizzy and losing her balance. At the hearing, claimant testified that she had not become dizzy but did not know why she fell. The deputy commissioner ruled that claimant's accident was caused by dizziness from the previous non-work-related automobile accident, and that the present accident did not arise out of claimant's employment.
When a claimant suffers from an idiopathic, or pre-existing, condition which results in injury, the injury is compensable only if the claimant can show that it "arose out of" his employment. Southern Bell Telephone and Telegraph Company v. McCook, 355 So.2d 1166, 1168 (Fla. 1977), House v. Preferred Auto Leasing, 476 So.2d 1337 (Fla. 1st DCA 1985). An injury "arises out of" employment when the employment necessarily exposes the claimant to conditions that substantially contribute to the risk of injury, conditions which the claimant would not normally encounter during his non-employment life. Legakis v. Sultan & Sons, 383 So.2d 938, 940 (Fla. 1st DCA 1980) (held compensable where a vapor spray emitted from a steam press caused claimant to turn her head, thus activating her pre-existing labyrinthitis causing her to fall and injure herself).
The claimant herein has not demonstrated that her physical surroundings on the job in any way contributed to the risk of injury any more than they would have in non-employment life. Although there was evidence that she had no stairs in her own home, there was no evidence that the stairway in any way contributed to the risk of injury, either by tripping on a stairstep or otherwise. On the contrary, the evidence is that she became dizzy, a symptom she had been complaining of since the accident, and fell striking her knee.
The claimant relies in large part upon Lovett v. Gore Newspaper Company, 419 So.2d 306 (Fla. 1982) and Cheney v. F.E.C. News Distribution Company, 382 So.2d 1291 (Fla. 1st DCA 1980). Those cases are distinguishable from the case at bar. In Lovett, the deputy found that the tiled concrete floor was a special and increased hazard to Lovett's pre-existing back condition. The deputy also found that the claimant was required to work two hours beyond her normal eight-hour shift despite her protestations that she was not feeling well. The Supreme Court held that because of these factors it could not fairly be said that Lovett would just as likely have sustained an injury such as the one that occurred if she had been in her own home. 419 So.2d at 308. In Cheney, this court reversed the deputy's denial of benefits because, although the condition which caused Cheney's dizziness did not arise from his job, the activity demanded by his work increased the chances of his becoming dizzy. The activity which Cheney was engaged in at the time of the accident included bending, twisting, and turning necessary to move stacks of magazines which resulted in dizziness, falling, and striking her head on the store's terrazo floor.
On the other hand, in the case at bar, the record supports the deputy's finding that the claimant became dizzy and fell for no reason related to her employment. The facts in this case are closer to those involved in Federal Electric Corp. v. Best, 274 So.2d 886 (Fla. 1973). Best was standing in his place of employment when he gasped, fell and struck his head on a desk thereby sustaining head injuries. The cause of his fall was a non-work-related grand mal-type seizure. The Industrial Relations Commission reversed the deputy commissioner's denial of the claim for benefits. However, the Supreme Court reversed the IRC, observing that it found nothing in the record to indicate that the fall was in any way related to Best's job. Id. at 888.
*94 We conclude that there was competent, substantial evidence to support the deputy's finding that the claimant's injury did not arise out of her employment.
AFFIRMED.
McCORD, GUYTE P., Jr., (Ret. Associate Judge), concurs.
ZEHMER, J., dissents with written opinion.
ZEHMER, Judge, dissenting.
I respectfully dissent. I believe the majority has, as did the deputy below, misconstrued and misapplied the law relating to idiopathic or preexisting conditions. In doing so, I accept the finding of fact that claimant fell because she became dizzy and that such dizziness or vertigo was attributable to claimant's noncompensable automobile accident. It is the deputy's conclusion that this finding alone was sufficient to deny the claim that is the basis of my dissent. Certain findings essential to deny the claim were not made. For example, the deputy's order made no finding of fact that claimant's employment did not expose her to conditions contributing to an increased risk of injury that claimant would not normally encounter during her nonemployment activities. Nor did the deputy's order contain any finding that the employer was unaware of claimant's condition and the physical limitations imposed as a result thereof.
It is undisputed that claimant was wearing a neck and back brace when she reported to work and was sent by the employer to deliver the plastic case to a bank on her first delivery run of the day. To accomplish this task, it was necessary for claimant to walk down cement stairs carrying the plastic case with her head and body undoubtedly held erect and immobile by the back and neck brace. She became dizzy, fell on the stairs, and sustained a substantial injury to her knee. Her nonemployment environment did not require her to negotiate stairs or carry packages while wearing the braces as she could control these activities at home. It was reasonably foreseeable that, as a result of this condition, should claimant become dizzy while going down stairs to deliver packages, the risk of a fall and serious injury would be increased. The import of House v. Preferred Auto Leasing, 476 So.2d 1337 (Fla. 1st DCA 1935), Lovett v. Gore Newspapers Co., 419 So.2d 306 (Fla. 1982), and Cheney v. F.E.C. News Distribution Co., 382 So.2d 1291 (Fla. 1st DCA 1980), is to make this type of increased risk due to employment fall within the coverage of the Workers' Compensation Act. Yet the deputy's order contains no finding that the stairs did not expose claimant to an increased risk of injury. It contains no finding that the risk of injury to claimant was not increased by sending her to deliver packages while wearing the back and neck braces. Under the cited decisions construing the statutory requirement that a compensable injury must arise out of one's employment, such findings are material to a determination of compensability.
I disagree that this case is similar to Federal Electric Corp. v. Best, 274 So.2d 886 (Fla. 1973). The employer in that case was not shown to have prior knowledge of the claimant's epileptic condition and his likelihood of falling. The mere presence of a desk in an ordinary office environment presented no increased risk of injury to one not known to suffer this propensity. I am convinced that this case is most similar to House v. Preferred Auto Leasing, 476 So.2d 1337, Lovett v. Gore Newspaper Co., 419 So.2d 306, and Cheney v. F.E.C. News Distribution Co., 382 So.2d 1291. In these cases, environmental conditions and activity increased the risk of injury due to an idiopathic or preexisting condition, should such condition manifest itself during employment. If Lovett's fall to the lineoleumcovered concrete floor because she was required to work while feeling ill and dizzy was a special and increased hazard or risk of injury to her preexisting back condition supporting compensability, I am at a complete loss to understand why the concrete stairway on which this claimant fell does not also constitute an increased hazard or *95 risk of injury due to the employer's requiring her to use it while wearing braces and suffering the preexisting condition of vertigo and dizziness likely to cause her fall. I do not distinguish Lovett because the employee protested she was not well; whether the employee protests or voluntarily accepts the assigned work should be immaterial under the no-fault concept of the workers' compensation laws.
Since the deputy failed to make essential findings of fact to support the conclusion that claimant's knee injury did not arise out of her employment, the majority opinion has upheld the appealed order only by finding as a matter of fact that "although there was evidence that she [claimant] had no stairs in her own home, there was no evidence that the stairway in any way contributed to the risk of injury." Aside from the obvious fact that to fall while descending stairs when wearing body braces is infinitely more dangerous than to fall on a level floor at home, I do not believe that the appellate court should make de novo findings to supply necessary elements of fact missing from the deputy's order. Accordingly, I would reverse on a point of law and remand for further proceedings and findings of essential fact consistent with this opinion.