494 So.2d 253 (1986)
The BISON COMPANY and Northbrook Indemnity, Appellants,
v.
Francis Edward SHUBERT, Appellee.
No. BJ-475.
District Court of Appeal of Florida, First District.
September 3, 1986.
Rehearing Denied October 8, 1986.
Richard H. Weisberg, of Cooper, Rissman & Weisberg, Orlando, for appellants.
Dorothy Clay Sims, of Chalkley & Sims, Ocala, for appellee.
*254 ERVIN, Judge.
The employer/carrier appeals from an order awarding temporary total disability and attendant care benefits, which was based upon the finding that claimant's accident arose out of and in the course of employment. We reverse.
Claimant injured his back on January 11, 1984, when he sneezed while reaching down three feet to open a bottom desk drawer at work. The medical testimony revealed that claimant had a pre-existing congenital abnormality of the spine that was aggravated by the accident at work. Claimant's pre-existing condition, however, was asymptomatic prior to the accident.
Claimant's employer, Bison Company, although primarily in the business of manufacturing vacuum cleaners, also manufactured and supplied various accessories for the cleaners, including shampoo, which was mixed and prepared at the plant. Claimant's job duties included taking monthly inventory, buying merchandise and materials, and inspecting the final products. The preparation of the shampoo, according to claimant, often caused the employer's facility to become dirty and dusty, forcing him to sneeze more frequently at work than at home. The vice-president of the employer denied that the work site was in the condition claimant described, but conceded that a lemon scent permeated throughout the plant while the shampoo was being made. Claimant's employment duties did not include the actual mixing of shampoo, and he admitted that he had not done anything unusual while reaching for the bottom desk drawer at the time of his injury.
This case is controlled by the rule announced by the Florida Supreme Court in Southern Bell Telephone and Telegraph Company v. McCook, 355 So.2d 1166, 1168 (Fla. 1977), recognizing that when a claimant suffers from an idiopathic, or pre-existing condition which results in injury, the injury is compensable only if the claimant can show that it arose out of his employment. See also Medeiros v. Residential Communities of America, 481 So.2d 92, 93 (Fla. 1st DCA 1986); House v. Preferred Auto Leasing, 476 So.2d 1337, 1338-39 (Fla. 1st DCA 1985); Market Food Distributors, Inc. v. Levenson, 383 So.2d 726, 727 (Fla. 1st DCA 1980). We held in Medeiros, "An injury `arises out of' employment when the employment necessarily exposes the claimant to conditions that substantially contribute to the risk of injury, conditions which the claimant would not normally encounter during his non-employment life." Id., at 93 (e.s.).
The case at bar is very similar in its facts to those in Market Food Distributing v. Levenson, where we held that the exertion required by the claimant to pull out a 20-30 pound desk drawer was no greater than one which he would necessarily encounter in normal non-employment life; consequently his back injury was not caused by an accident arising out of and in the course of his employment. The only material factual distinction in the case at bar from the facts in Levenson is that here claimant, while reaching to pull out a desk drawer, also sneezed, which was allegedly caused by the dirty and dusty work environment. We consider this to be an immaterial distinction, and find that therefore Levenson is dispositive of the facts at bar.
We cannot accept claimant's argument that his injury is compensable because the employment conditions exposed him to a greater risk of injury than that which he was exposed in his non-employment life. Although the evidence discloses that the work-related condition may have exposed claimant to a greater risk of frequency in sneezing than in his non-employment environment, such fact does not mean that the work place exposed claimant to a greater risk of injury than he would have necessarily encountered in his non-employment life.
Risk, when used in the context employed in the McCook and Levenson cases, and as applied to the definition of accident under Section 440.02(1), Florida Statutes (1983), involves a work-related physical exertion or strain greater than that which an employee would necessarily be exposed outside his or her employment conditions. It *255 is not essential in order to establish that the injury arose out of and in the course of employment in those situations where the employee brings to the work place a condition that is personal to him  here an idiopathic condition  that the exertion or strain be unusual or nonroutine to the worker's normal employment. It is, however, necessary for the exertion producing the injury at work, when compared with exertions or strains confronting an employee in his normal nonemployment life, be greater than that which he is exposed in his non-working life. See Baker Mobiles v. O'Neil, 412 So.2d 34, 35 (Fla. 1st DCA 1981) (compensation award reversed because no evidence presented that "injury occurred as a result of an effort greater than his non-working life"); 1B A. Larson, Workmen's Compensation Law (MB) § 38.83(b), at 7-278 (1985). Since no evidence was presented in this regard, the order on review is
REVERSED.
SHIVERS and THOMPSON, JJ., concur.