496 So.2d 953 (1986)
A.G. CARRIERS, INC. and Claims Center, Appellants,
v.
Bernie R. CARROLL, Appellee.
No. BM-89.
District Court of Appeal of Florida, First District.
October 29, 1986.
*954 Robert G. Brightman of B.C. Pyle, P.A., Orlando, for appellants.
David M. Hammond of David M. Hammond, P.A., Orlando, for appellee.
MILLS, Judge.
A.G. Carriers, Inc. and the Claims Center (E/C) appeal from an order of the deputy commissioner finding that Carroll sustained a compensable injury arising out of and in the scope of his employment. We affirm.
Carroll is a long-distance truck driver for the E/C and, when a trip necessitates an overnight stay, is expected to sleep in the truck in a small compartment which is equipped by the E/C with a foam rubber mattress. In the particular truck which Carroll was driving on the trip during which he was injured, the mattress was well-worn and had developed a depression at hip level. As Carroll rolled off of the mattress one morning, his hips "caught" in the depression and he suffered a lower back strain. It was undisputed that the accident aggravated a pre-existing back condition of unknown origin.
The E/C contested Carroll's claim for worker's compensation benefits, arguing that the injury was the result of a normal body movement performed while fortuitously at work which could as easily have occurred at home. The D/C rejected this argument, finding that Carroll had been injured because of a risk particularly associated with his employment, namely, the worn mattress provided by the E/C.
A claimant suffering from a pre-existing, or idiopathic, condition must show that his injury "arose out of" his employment, that is, the employment necessarily exposed him to conditions that substantially contributed to the risk of injury, conditions which he would not normally encounter during nonemployment life. Medeiros v. Residential Communities of America, 481 So.2d 92, 93 (Fla. 1st DCA 1986); House v. Preferred Auto Leasing, 476 So.2d 1337 (Fla. 1st DCA 1985).
Here, we find that the conditions present at Carroll's workplace, namely, confined sleeping conditions and a foam rather than an innerspring mattress, made his injury "more likely than it would be at home." See Lovett v. Gore Newspapers Co., 419 So.2d 306 (Fla. 1982); Cheney v. F.E.C. News Distribution Co., 382 So.2d 1291 (Fla. 1st DCA 1980). Further, although Carroll slept every day regardless of his presence at work or home, sleeping in these conditions on this particular mattress was "indigenous to his work environment." House, supra.
Affirmed.
BOOTH, C.J., and WENTWORTH, J., concur.