PER CURIAM.
This is an appeal of an order of the judge of compensation claims finding that the claimant’s injury is causally related to her industrial accident and awarding disability and medical benefits. As noted in Thomas v. Salvation Army, 562 So.2d 746, 749 (Fla. 1st DCA 1990), “[i]t is an established rule that a workers’ compensation claimant must prove the existence of a causal connection between the employment and injury for which benefits are sought, and the existence of causation must be based upon reasonable medical probability. Medical evidence as to causation is particularly significant where, as in the instant case, the subject injury is not readily observable.” (Citations omitted).
The judge of compensation claims based his finding of causation on the testimony, medical reports and finding of Dr. Stuart Kaplan. Nowhere in the medical reports or testimony of Dr. Kaplan does it appear that the nature of the activity alleged to give rise to the injury was described to Dr. Kaplan. The assertion by Dr. Kaplan that claimant reported being hurt at work coupled with an opinion that she has an injury to her neck does not amount to competent substantial evidence that the specific work activity is the cause of the diagnosed injury within a reasonable medical probability.
Because the claimant failed to present any medical evidence of causation, the order appealed is reversed.
ZEHMER, BARFIELD and ALLEN, JJ., concur.