PER CURIAM.
Having reviewed the record, it appears that the wrong legal standard may have been utilized by the judge of compensation claims (JCC) in evaluating the appellant’s claim in light of evidence of a preexisting condition which could have been aggravated by activity within the course and scope of employment with Winn Dixie. We, therefore, remand for a determination of the claimant’s entitlement to workers’ compensation benefits pursuant to Medeiros v. Residential Communities of America, 481 So.2d 92 (Fla. 1st DCA 1986), and Festa v. Teleflex, Inc., 382 So.2d 122 (Fla. 1st DCA 1980), rev. denied, 388 So.2d 1119 (Fla.1980). We also reverse that part of the order that reads, “I find the claimant has received all benefits for which he might have been entitled for the accident of December 3, 1989.” There was no evidence that any such claim had been presented to the JCC.
BOOTH, WOLF and KAHN, JJ., concur.