MICKLE, Judge.
This is an appeal from an amended order of the judge of compensation claims (JCC) requiring the Employer/Seif-Insured to pay disability benefits, to provide future neuro- *70 surgical and psychiatric care, to authorize a weight reduction program, and to pay costs and Claimant’s attorney’s fees. We reverse the order and remand for the JCC to make specific findings. Hillsborough County School Board v. Williams, 565 So.2d 852 (Fla. 1st DCA 1990).
Claimant, Jacqueline Russell, testified that on December 3,1989, she sustained an injury at work, and the JCC so found. Claimant testified that her shift kept their office supplies stored in a barely accessible wall “cub-by hole” partially blocked by a cabinet. She bent forward, put her arm around the cabinet, and stretched her arm out in an effort to feel for the hidden supplies. She said “I was like the Twister game. I was completely contorted.” As she leaned forward, Claimant became “a little off balance” and felt “a real hard pain” in the center of her back and down her leg that caused her to freeze momentarily and to lose her breath.
The JCC’s finding that Claimant hurt herself while on the job satisfied the “in the course of employment” requirement of section 440.02(1), Florida Statutes (1989) (defining “accident”). See Bituminous Casualty Corp. v. Richardson, 148 Fla. 323, 4 So.2d 378 (1941) (“in the course of employment” refers to time, place, and circumstances of incident); Doctor’s Business Service, Inc. v. Clark, 498 So.2d 659, 665 n. 1 (Fla. 1st DCA 1986), rev. den., 506 So.2d 1041 (Fla.1987). Nevertheless, Claimant also had to make a separate showing that she suffered an injury “by accident arising out of ... employment.” Southern Bell Telephone & Telegraph Co. v. McCook, 355 So.2d 1166, 1167-68 & nn. 1-2 (Fla.1977); Gore Newspapers Co. v. Lovett, 393 So.2d 1152 (Fla. 1st DCA 1981), reversed on other grounds, 419 So.2d 306 (Fla.1982). “Arising out of’ employment refers to “the origin of the cause of the accident.” Bituminous Casualty Corp., 4 So.2d at 379; Rockhaulers, Inc. v. Davis, 554 So.2d 654 (Fla. 1st DCA 1989).
The Employer/Seif-Insured challenges the order based on the JCC’s failure to make specific findings on the issue of whether the on-the-job incident constituted an “accident.” § 440.02(1), Fla. Stat. (1989). Because the JCC did not address medical evidence in the record that Claimant has a pre-existing, idiopathic condition, we are compelled to reverse the order and remand for “an initial determination on the existence vel non of an idiopathic condition.” Hills borough County School Board, 565 So.2d at 854 & n. 1 (“idiopathy” refers to a “disease of unknown origin or cause” or “a primary disease”). If the JCC finds that Claimant has an idiopathic condition, then before the causal connection can be found and the work injury deemed compensable, the JCC specifically must find also that Claimant demonstrated that the injury resulted from an effort, exertion, risk, or strain beyond that which is normally encountered in Claimant’s non-employment life. Medeiros v. Residential Communities of America, 481 So.2d 92, 93 (Fla. 1st DCA 1986); House v. Preferred Auto Leasing, 476 So.2d 1337 (Fla. 1st DCA 1985); Baker Mobiles of Florida v. O’Neil, 412 So.2d 34 (Fla. 1st DCA 1982); Market Food Distributors, Inc. v. Levenson, 383 So.2d 726 (Fla. 1st DCA 1980). Given the absence of specific findings in the order relating to these threshold issues, we need not address the questions involving Claimant’s entitlement, if any, to benefits and to future medical treatment.
REVERSED and REMANDED for findings.
MINER and DAVIS, JJ., concur.