MICKLE, Judge.
We have for review a nonfinal order of the judge of compensation claims (JCC) finding Daniel Clark Martin’s (Claimant) injury com-pensable. Fla.R.Work.Comp.P. 4.160(b)(3). The Employer/Servicing Agent (E/SA) challenge the order on two grounds. First, they contend that the JCC erred in finding com-pensability where Claimant, who has preexisting back problems, failed to prove that he had “an accident arising out of and in the course of employment” for purposes of section 440.02(1) (defining “accident”) and (17) (defining “injury”), Florida Statutes (1991). Southern Bell Teleph. & Telegr. Co. v. McCook, 355 So.2d 1166, 1168 (Fla.1977); Foxworth v. Florida Indust. Comm’n, 86 So.2d 147 (Fla.1955); Bituminous Casualty Corp. v. Richardson, 148 Fla. 323, 4 So.2d 378 (1941); Grenon v. City of Palm Harbor Fire Dist. 634 So.2d 697 (Fla. 1st DCA 1994); Hillsborough County Sch. Bd. v. Williams, 601 So.2d 624 (Fla. 1st DCA 1992); Medeiros v. Residential Communities of America, 481 So.2d 92, 93 (Fla. 1st DCA 1986) (where an employee has a preexisting condition, a finding of causal connection and compensability requires the employee to demonstrate that the injury necessarily resulted from an effort, .exertion, risk, or strain beyond that which normally is encountered in nonemployment life); House v. Preferred Auto Leasing, 476 So.2d 1337 (Fla. 1st DCA 1985); Market Food Distrib., Inc. v. Levenson, 383 So.2d 726 (Fla. 1st DCA 1980). Second, the E/SA argue that Claimant failed to establish through competent substantial medical evidence that his preexisting back condition was aggravated or that he was injured while bending over at work on June 26, 1992. Crest Prods. v. Louise, 593 So.2d 1075 (Fla. 1st DCA 1992) (lay testimony alone was insufficient to support finding of causation where medical conditions — leg and low back pain related to acute lumbar disk herniation — were not readily observable). We reverse.
Claimant, who worked as a mechanic for Employer, testified that on June 26, 1992, while working on the brake system of a customer’s automobile, he got brake fluid on his hands. After bending over to wash his hands at a very low-lying spigot, he straightened up, heard a pop, and felt a knife-like pain in his lower back. He received medical treatment and then underwent back surgery about a month after the incident. Prior to the work incident, Claimant had suffered from low back pain and had received chiropractic treatment from Dr. Suggs for his *444 back problem and headaches in 1982-84 and 1986-91. Claimant started working for Employer in 1989. He testified that after his first year there, his back “started hurting real bad ... all the time.” About 5-⅜ months before the work incident, Claimant began treatment for back pain with Dr. Boy-sen, who engaged in pediatrics and family practice. An MRI in mid-January 1992 revealed a left-side disk herniation at L4-6 and a central disk herniation at L5-S1. Claimant began treatment with an orthopedic surgeon, Dr. Lowery, about five weeks before the bending-over incident. Claimant testified that after the work incident, his back no longer was normal and he was unable to perform some of the physical activities in which he had engaged previously.
A claimant has the burden to demonstrate, through competent substantial evidence, a causal connection between the employment and the injury or condition at issue. Harris v. Josephs of Greater Miami, Inc., 122 So.2d 561 (Fla.1960); Munroe Memorial Hosp. v. Thompson, 388 So.2d 1338 (Fla. 1st DCA 1980). Cf. O’Day v. Taylor Rental Center, 395 So.2d 1194 (Fla. 1st DCA 1981) (claimant’s lay testimony relating onset of sharp back pain to lifting incident at work was competent substantial evidence of an unusual event or result constituting an “accident” for statutory purposes, and the record included a medical doctor’s opinion that claimant had suffered a new back injury during the incident). In McCall v. Dick Burns, Inc., 408 So.2d 787, 792 (Fla. 1st DCA 1982), we stated that “[ajlthough lay testimony cannot be used to establish a causal relationship within reasonable medical probability as to conditions and symptoms that are not readily observable, it is of probative value in establishing the sequence of events, actual inability or ability to perform work, pain, and similar factors within the actual knowledge and sensory experience of the claimant.” (Emphasis added.) See also Peters v. Armellini Express Lines, 527 So.2d 266 (Fla. 1st DCA 1988); Decks, Inc. of Florida v. Wright, 389 So.2d 1074, 1076 (Fla. 1st DCA 1980) (lay testimony is insufficient by itself to establish causal relationship between an accident and conditions not readily observable or discoverable without medical examination). Applying this rule to the case at bar, in which Claimant’s back condition and symptoms are “not readily observable,” Crest Prods., 593 So.2d at 1075 (acute lumbar disk herniation), we must determine whether “medical testimony by a qualified doctor” was adduced to prove a causal relationship within reasonable medical probability. McCall, 408 So.2d at 792; Broadfoot v. Albert Hugo Ass’n, Inc., 478 So.2d 863 (Fla. 1st DCA 1985).
As both physicians testified by deposition only, we are not in an inferior position to the JCC to assess this medical evidence. Gold Coast Paving Co., Inc. v. Fonseca, 411 So.2d 259, 261 (Fla. 1st DCA 1982). Dr. Lowery was questioned specifically regarding whether or not the June 26, 1992, incident, as described by Claimant, was the cause of the current medical condition. When a hypothetical question was posed containing the facts of the work incident, and an opinion was solicited from him as to whether or not this incident exacerbated or accelerated Claimant’s preexisting back condition, Dr. Lowery responded:
I don’t think I have an opinion within a reasonable degree of medical probability, because the only test I have are [sic] MRI scan dated prior to that, so I’m not sure exactly what his injury was and which one I was operating on. The only thing I felt I was operating on as a result of the nerve block which took away the pain around the disk that was there [sic], so I’m not sure that I — I’m not sure that I even knew he had this other injury.
Lowery knew that Claimant has two bad disks in his back, but he did not know either the dates or the sequence of Claimant’s disk injuries, nor could he say whether one was an old injury, a new injury, or a re-injury. We are unable to agree with the JCC that Dr. Lowery’s testimony is even “marginally sufficient in conjunction with the lay testimony in the record” to establish causation under the “single trauma theory.” In fact, we believe that reversal of the order is compelled by the very “weakness of the medical evidence” noted by the JCC in the order.
*445 The questions directed to the initial treating physician, Dr. Boysen, focused mainly on Claimant’s alternative basis of recovery, the “repetitive trauma theory.” When asked whether she could state that Claimant’s work as a mechanic aggravated or exacerbated his back condition, Dr. Boysen answered (over objection) that “a job like that could certainly aggravate a back problem definitely,” but she declined to render an opinion within a reasonable degree of medical probability. She added, “I don’t think it’s definite.” Computer Prods., Inc. v. Williams, 530 So.2d 1006 (Fla. 1st DCA 1988) (causal relationship cannot be based merely on medical possibility). The JCC expressly found that Dr. Boysen’s responses do not constitute competent substantial evidence to show compensability under either of Claimant’s two theories of recovery. We agree with the JCC on this point. Claimant relies partly on O’Day, 395 So.2d at 1194 which is factually and procedurally distinguishable. See Sunshine Plumbing v. Benecke, 558 So.2d 162, 165 (Fla. 1st DCA 1990) (Wentworth, J., dissenting) (decisions requiring expert medical testimony to show causation as to certain “disabilities” are not relevant to case dealing with cause of “accident”).
In the absence of any medical testimony in the record establishing, within reasonable medical probability, a causal relationship between the employment and the medical condition for which benefits are sought, we must reverse the order appealed. Crest Prods., 593 So.2d at 1075; Arand Constr. Co. v. Dyer, 592 So.2d 276 (Fla. 1st DCA 1991); International Minerals & Chem. Corp. v. Buckley, 526 So.2d 760 (Fla. 1st DCA 1988); Vero Beach Care Center v. Ricks, 476 So.2d 262 (Fla. 1st DCA 1985); Cintas Corp. v. Price, 424 So.2d 900 (Fla. 1st DCA 1982).
REVERSED.
BOOTH and BENTON, JJ., concur.