DAVIS, Judge.
Winn Dixie and Crawford and Company, the employer and servicing agent (e/sa), appeal an order finding that the claimant in this worker’s compensation case suffered a com-pensable injury on June 25,1990, resulting in a 7 percent permanent impairment. The e/sa paid benefits to the claimant based upon a report of injury asserting a September 30, 1990, date of accident. After the claimant received all of the benefits to which she was entitled, she filed a new claim asserting that the injury actually took place on June 25, 1990.[1] However, in addition to misrepresenting her date of accident on the notice of injury, the claimant admittedly never told any of the doctors who testified below that she had an industrial accident in June 1990, or that she suffered the type of accident that she now claims took place. Because the record contains no evidence to support the existence of a causal connection between the injury now claimed and the permanent impairment asserted, we reverse.[2]
The causal connection between claimant’s condition and her alleged injury on June 25th was clearly placed at issue in the hearing below. The order of the Judge of Compensation Claims (JCC) recites that the defenses raised by the e/sa included: “no accident in the course and scope or employment” and “no causal relationship.” Further, at the beginning of the hearing, counsel for e/sa made it clear that these issues were still in dispute, stating, “there is no causal relationship between whatever complaint she had after September 30 and this alleged June 25 date ... there is no medical testimony to link up her condition, whatever it may have been, to this June 25 date ...”
This court has recently reiterated: “In the absence of any medical testimony in the record establishing, within reasonable medical probability, a causal relationship between the employment and the medical condition for which benefits are sought, we must reverse the order appealed.” Brasington Cadillac-Oldsmobile v. Martin, 641 So.2d 442, 445 (Fla. 1st DCA 1994). See also Olympic Associates v. Kimmel, 590 So.2d 1088 (Fla. 1st DCA 1991); Peters v. Armellini Express *638 Lines, 527 So.2d 266 (Fla. 1st DCA 1988). Without evidence of a causal connection between the alleged accident of June 25th and the claimant’s current condition, the JCC erred in finding that there was a compensa-ble injury. Accordingly, we reverse and remand with directions to dismiss the claim.
ALLEN and KAHN, JJ., concur.

. Due to the fact that Chapter 440, Florida Statutes was amended effective July 1, 1990, establishing, in pertinent part, a schedule for eligibility for wage loss benefits based upon the degree of permanent impairment, see section 440.15(3)(b)4.d. (Supp.1990), this change in accident date would result in a substantial increase in the amount of benefits for which the claimant would be eligible.

. As this issue resolves the entire case, we decline to discuss the other grounds for reversal urged by the e/sa.